EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Certiorari |
| | 2015 TSPR 10 |
| Thomas J. Bryan Picó | 192 DPR ____ |

Número del Caso: TS-9699

Fecha: 30 de enero de 2015

Oficina de Inspección de Notarías:

Lcdo. Manuel Dávila de Jesús
Director

Materia: Conducta Profesional – La suspensión será efectiva el 5 de febrero de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Thomas J. Bryan Picó

TS-9699

PER CURIAM

En San Juan, Puerto Rico, a 30 de enero de 2015.

Una vez más nos vemos precisados a suspender a un miembro de la profesión por incumplir con la Regla 9(j) del Reglamento del Tribunal Supremo de 2011, 4 LPRA Ap. XXI-B, que le exige a todo abogado actualizar sus datos personales en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) y por desatender los requerimientos de este Tribunal, apartándose de las normas éticas que rigen el ejercicio de la profesión. Por tal razón, y conforme a lo detallado a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Thomas J. Bryan Picó del ejercicio de la abogacía y de la notaría.

I

El Lcdo. Thomas J. Bryan Picó fue admitido al ejercicio de la abogacía el 15 de enero de 1991 y al ejercicio de la notaría el 12 de febrero del mismo año. Posteriormente, presentó una solicitud de renuncia al ejercicio de la notaría la cual fue avalada por este Tribunal el 30 de septiembre de 1997. Meses más tarde, el 16 de enero de 1998, fue readmitido a la práctica.

Los hechos que dieron génesis a la controversia en el caso de autos se remontan al 1 de noviembre de 2013 cuando la Lcda. Marie A. Román Negrón se comunicó por correo electrónico con el licenciado Bryan Picó y le solicitó una copia simple de una escritura que el letrado otorgó ante uno de sus clientes. En respuesta, el licenciado Bryan Picó expresó que podían coordinar la entrega de la escritura solicitada para dentro de una semana. Luego del término acordado y tras la falta de comunicación del letrado, la licenciada Román Negrón envió una segunda notificación al notario en la que aludió sobre el hecho de que el notario le informó que la escritura solicitada la tenía en un almacén en Bayamón. Posteriormente, al no recibir respuesta, la licenciada remitió a la Oficina de Inspección de Notarias (ODIN) una comunicación en la que detalló los eventos ocurridos. En vista de ello, ODIN le envió una carta mediante correo certificado con acuse de recibo al licenciado Bryan Picó en la que le requirió una copia certificada de la escritura previamente solicitada por la

licenciada Román Negrón. Además, le concedió cinco (5) días calendario para que se expresara en cuanto a la posición de la letrada. La carta fue devuelta por el servicio de correo postal por la siguiente razón: "Unclaimed".

Así pues, el 22 de enero de 2014 ODIN se comunicó telefónicamente con el licenciado Bryan Picó. El licenciado argumentó que no había recibido la referida carta. A tales efectos, el Director de ODIN acordó enviar la comunicación por correo electrónico a la dirección oficial del licenciado Bryan Picó que surge en el RUA y ODIN le concedió hasta el 28 de enero de 2014 para cumplir con los requerimientos. Posteriormente, el 12 de febrero de 2014 el licenciado Bryan Picó se personó en la ODIN y entregó una Certificación Registral expedida por el Registro de la Propiedad. No obstante y contrario a lo solicitado, el licenciado no hizo entrega de la copia certificada.

Trascendió que el 18 de febrero de 2014 ODIN le envió, mediante correo electrónico y correo certificado con acuse de recibo, una **segunda comunicación** al licenciado Bryan Picó. En esta ocasión, le concedió tres días desde el envío de dicha comunicación para remitir la copia certificada. La carta nuevamente fue devuelta por el correo postal por la razón: "Unclaimed". Luego, el 1 de mayo de 2014 se le envió una **tercera notificación** haciéndole el mismo requerimiento. Sin embargo, al igual que en las dos ocasiones previas, la carta fue devuelta por el correo postal y la comunicación

electrónica fue rechazada por el sistema de correo electrónico.

Así las cosas, el 23 de mayo de 2014 el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN, presentó una Moción en auxilio del Tribunal para la incautación de la obra notarial y otros remedios. En consecuencia, este Tribunal ordenó mediante Resolución el 28 de mayo de 2014, la incautación inmediata de la obra y sello notarial del letrado. Además, se le concedió un término de quince (15) días al licenciado, contados a partir de la notificación de la Resolución, para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y de la notaría. Posteriormente, el 30 de mayo de 2014 se incautó la obra y sello notarial del licenciado Bryan Picó los cuales se colocaron bajo custodia en el Archivo Notarial del Distrito de San Juan.

Subsiguientemente, el 3 de julio de 2014 el Director de ODIN nos informó que la obra notarial incautada reflejó varias deficiencias que fueron detalladas en el *Informe de Inspección de Obra Incautada*. Entre estas se destacó el descuido existente en la conservación de los instrumentos públicos; la omisión en cancelar sellos de rentas internas, el impuesto notarial y el de la Sociedad para Asistencia Legal; así como el incumplimiento de varias disposiciones de la Ley Notarial de Puerto Rico,[1] 4 LPRA sec. 2001. El 27

---

[1] Según surge del *Informe en torno a Estado de Obra Notarial Incautada* se encontró la omisión de instrumentos públicos, tomos sin encuadernar, omisión de firma, signo, sello, rúbrica del notario, nota

de octubre de 2014 el letrado Bryan Picó fue notificado personalmente de dicha resolución por un alguacil de este Tribunal.

A pesar del tiempo transcurrido, al día de hoy el licenciado Bryan Picó no ha comparecido ante ODIN ni ante este Tribunal para cumplir con los requerimientos. En vista de lo anterior, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría.

II

En reiteradas ocasiones hemos expresado que todo abogado tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal. In re Aponte Del Valle, 189 DPR 245, 249 (2013); In re Rivera Rosado, 180 DPR 698, 701 (2011); In re Morales Rodríguez, 179 DPR 766, 768 (2011). Asimismo, hemos enfatizado que la naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias. In re Morales Rodríguez, 179 DPR 766, 769 (2011); In re Prieto Rivera, 180 DPR 692, 697 (2011); In re García Incera, 177 DPR 329, 331 (2009). De igual manera, hemos señalado que desatender las órdenes judiciales constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. In re García Incera, supra, pág. 331.

---

de saca y deudas arancelarias por la cantidad de $224.00 en contravención con los Artículos 13, 28, 41, 50 y 52 de la Ley Notarial, supra.

Sabido es que cuando un abogado incumple con los deberes que le impone la ley, el ordenamiento ético y las órdenes emitidas por los tribunales se expone a la imposición de sanciones disciplinarias. Esto cobra mayor relevancia durante los procesos disciplinarios que se ventilan en el Tribunal Supremo de Puerto Rico en los que se espera que los miembros de la profesión actúen en perfecta concordancia con los preceptos del Código de Ética Profesional. In re Buono Colón, 187 DPR 379, 382-383 (2012); In re Asencio Márquez, 183 DPR 647, 663 (2011); In re Borges Lebrón, 179 DPR 1037 (2010).

Así, hemos reseñado que la obligación de atender con "diligencia y escrupulosidad" las órdenes que emita este Tribunal es más patente durante los procesos disciplinarios. In re Montes Díaz, 184 DPR 90, 93-94(2011). Por ello, hemos reiterado que el incumplimiento con esa obligación es altamente reprochable y puede acarrear la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión. Íd. Por consiguiente, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. In re Rivera Rosado, supra; In re Feliciano Jiménez, 176 DPR 234, 235 (2009); In re Arzón Rivera, 175 DPR 763, 765 (2009). Ello es así debido a que el patrón de dejadez e incumplimiento con nuestras órdenes en la esfera

disciplinaria es incompatible con el ejercicio de la abogacía. In re González Barreto, 169 DPR 772, 774 (2006).

Por otro lado, la obligación de notificar cualquier cambio de dirección surge de la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B. Esta regla impone a todo abogado la obligación de notificar cualquier cambio en su dirección postal o física. In re Toro Soto, 181 DPR 645, 660 (2011). En virtud de lo anterior, el incumplimiento con lo ordenado podría conllevar la imposición de sanciones en su contra, incluso sanciones disciplinarias. Íd.

Por último, como es sabido, todo notario está obligado al estricto cumplimiento de la Ley Notarial de Puerto Rico y los cánones del Código de Ética Profesional. In re Martínez Sotomayor, 189 DPR 492, 499 (2013) citando a In re Ayala Oquendo, 185 DPR 572, 580 (2012); In re Martínez Almodóvar, 180 DPR 805, 815 (2011). Este debe ser en extremo cuidadoso y tiene el deber de desempeñarse con esmero, diligencia y estricto celo profesional. In re Martínez Sotomayor, 189 DPR 492, 499 (2013). El incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente. Íd.

El Art. 48 de la Ley Notarial, 4 LPRA sec. 2072, dispone la forma en que los notarios conservarán los protocolos. A tales fines, estos son responsables de su integridad y están sujetos a sanciones si se deterioran o pierden por su falta de diligencia. In re Rosebaum, 189 DPR

115, 119 (2013). El compromiso del notario es de tal grado en torno al cuidado de los Protocolos que el Art. 48 de la Ley Notarial de Puerto Rico, supra, impone sobre este la responsabilidad por el deterioro o la pérdida de estos. El notario vendrá obligado a reponerlos o restaurarlos a sus expensas. Íd. Claro está, el que el notario cumpla con su deber no impide que este Tribunal le imponga unas sanciones o medidas disciplinarias adecuadas. Íd.

III

En el caso de autos, el licenciado Bryan Picó incumplió con su deber de responder oportunamente a los requerimientos de este Tribunal. El anterior cuadro fáctico se agrava ante las serias deficiencias descubiertas en las escrituras de los protocolos del licenciado Bryan Picó, deficiencias que al día de hoy no han sido corregidas o subsanadas.

En vista de lo anterior, decretamos su suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría, según se le había apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico.

Por otro lado, tiene la obligación de actualizar su información en RUA y de notificar cualquier cambio de dirección postal y/o física, así como cumplir con las deficiencias señaladas en el Informe rendido por ODIN.

Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar que no fue entregada por el señor Bryan Picó en el primer proceso de incautación y entregar la misma al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. En su defecto, deberá informar si dichos instrumentos públicos fueron extraviados y es necesario encaminar un proceso de Reconstrucción de Obra Protocolar al amparo de la Regla 58-A del Reglamento Notarial de Puerto Rico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Thomas J. Bryan Picó

TS- 9699

SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría del Lcdo. Thomas J. Bryan Picó por incumplir con su deber de responder oportunamente a los requerimientos de este Tribunal.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Por otro lado, tiene la obligación de actualizar su información en el Registro Único de Abogados y Abogadas de Puerto Rico y de notificar cualquier cambio de dirección postal y/o física, así como de cumplir con las deficiencias señaladas en el Informe rendido por ODIN. Además, tiene también la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar que no fue entregada por el señor Bryan Picó en el primer proceso de incautación y entregar la misma al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

En su defecto, deberá informar si dichos instrumentos públicos fueron extraviados y es necesario encaminar un proceso de Reconstrucción de Obra Protocolar al amparo de la Regla 58-A del Reglamento Notarial de Puerto Rico.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo