EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Ángel L. Sitiriche Torres | 2015 TSPR 66 |
| | 192 DPR ____ |

Número del Caso: TS-7837


Fecha: 26 de marzo de 2015


Programa de Educación Jurídica Continua:

Lcda. Geisa Marrero
Directora Ejecutiva



Materia: Conducta Profesional- La suspensión del abogado será efectiva el 30 de marzo de 2015, fecha en que se depositó en el correo la notificación de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel L. Sitiriche Torres

                    TS-7837

PER CURIAM

San Juan, Puerto Rico, a 26 de marzo de 2015.

Una vez más nos vemos obligados a suspender a un abogado por incumplimiento con los requisitos del Programa de Educación Jurídica Continua (PEJC). A su vez, aprovechamos para orientar a la clase togada sobre los múltiples mecanismos que existen para lograr el cumplimiento de las exigencias del PEJC, de manera que sirva de guía para evitar que este Tribunal los suspenda por incumplimiento con los requisitos del Programa.

I

El Lcdo. Ángel L. Sitiriche Torres fue admitido al ejercicio de la abogacía el 28 de

diciembre de 1983. En el año 2003, éste nos notificó que se mudó al estado de Texas porque fue activado por el servicio militar. El 13 de marzo de 2009, el abogado informó su nueva dirección en el mismo estado.

El 10 de octubre de 2014, la Directora del PEJC presentó ante este Foro un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, en el que notificó que el licenciado Sitiriche Torres no cumplió con los créditos de educación jurídica continua para el período del 1 de agosto de 2007 al 31 de julio de 2009.[1] Surge del Informe que, el 3 de septiembre de 2009, el PEJC envió al abogado un *Aviso de Incumplimiento* mediante el cual le concedió un término de 60 días para que tomara los créditos que adeudaba. Dos años más tarde, ante la ausencia de una respuesta, el PEJC cursó al licenciado Sitiriche Torres una citación para una vista informal. A pesar de que la carta se envió a la dirección del abogado que surgía del Registro Único de Abogados de Puerto Rico (RUA), ésta fue devuelta por el Servicio de Correo Postal. Por esta razón, el PEJC reenvió la citación, esta vez a la dirección de correo electrónico del letrado que surgía del RUA. Sin embargo, el abogado no contestó ni compareció a la vista.

---

[1] En su Informe, el Programa de Educación Jurídica Continua (PEJC) nos indicó que el Lcdo. Ángel L. Sitiriche Torres también incumplió los períodos del 1 de agosto de 2009 hasta el 31 de julio de 2011 y del 1 de agosto de 2011 hasta el 31 de julio de 2013, pero añadió que el licenciado no fue citado a vista para dichos períodos.

En consideración a las recomendaciones formuladas en el Informe, el 31 de octubre de 2014, emitimos una resolución en la que se le concedieron 20 días al licenciado Sitiriche Torres para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Al día de hoy, el abogado no ha contestado.

## II

Con el propósito de asegurar que los abogados provean una representación legal adecuada a sus clientes, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, les impone a los profesionales del Derecho la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". A tenor con lo anterior, todos los que están admitidos al ejercicio de la abogacía tienen el deber de cumplir con los requisitos de educación jurídica continua, a menos que estén cobijados por alguna de las excepciones provistas por ley o reglamento.[2]

El Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E, exige que los abogados presenten ante la Junta de Educación Jurídica Continua (Junta) un *Informe de Cumplimiento* que evidencie que completaron un mínimo de 24 horas crédito para cada

---

[2] In re Grau Collazo, 185 DPR 938, 943 (2012).

período de 2 años de duración.[3]  El informe deberá ser presentado no más tarde de los 30 días siguientes al vencimiento del período en cuestión y será completado en todos los casos, aun en los que el abogado esté excluido o exento de los requisitos del Programa.[4]

Nuestro ordenamiento jurídico provee varios mecanismos alternos para lograr el cumplimiento de los requisitos del PEJC con el propósito de prevenir que los abogados sean sancionados disciplinariamente por incumplimiento con el Programa.  En primer lugar, el Reglamento permite que el abogado solicite ante la Junta una **"exoneración o diferimiento de la educación jurídica continua, por razones de justa causa"**.[5]  Entre las razones que podrían considerarse justa causa se encuentra "la situación de los abogados y abogadas que ejercen en jurisdicciones de Estados Unidos que tienen establecida junta o entidad equivalente acreditadora de la educación jurídica continua obligatoria y cumplen con su programa", así como alguna enfermedad o situación especial.[6]  Ahora bien, hemos resuelto que un abogado que informa al PEJC su condición de salud, pero que no completa una *Solicitud de Relevo o*

---

[3] Regla 28 del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E.

[4] íd.

[5] Regla 4(C)(3)(d) del Reglamento, *supra*.

[6] Anotación de la Regla 4 del Reglamento, *supra*; In re Aprobación Regl. Prog. Educ. Jur., 164 DPR 555, 562 (2005); In re Grau Collazo, 185 DPR 938, 940 (2012).

*Exoneración de Cumplimiento* ante la Junta, no podrá ser eximido por este Tribunal de cumplir con los requisitos de educación jurídica continua.[7]

Es de vital importancia señalar que las solicitudes de exoneración, diferimiento y acreditación, junto a la documentación requerida, deberán ser presentadas oportunamente ante la Junta, y no en este Foro.[8] Todas las peticiones serán evaluadas caso a caso en consideración a las circunstancias especiales que las motivaron y en atención al tiempo trascurrido desde que se originó la circunstancia hasta el momento en que se presentó la solicitud.[9]

La segunda opción consiste en el reconocimiento por parte del PEJC de ciertas actividades realizadas por el abogado. De modo específico, la Junta evaluará una solicitud de convalidación, relevo o exención cuando el abogado acredite la existencia de alguna de las siguientes instancias: (1) los "profesionales del derecho que participen como recursos en la educación jurídica continua recibirán acreditación por esta función"; (2) los abogados que publiquen "libros de contenido jurídico y artículos en revistas" recibirán convalidación de créditos; (3) los

---

[7] In re Grau Collazo, *supra*.

[8] Regla 24 del Reglamento, *supra*.

[9] Véase Resolución Núm. 2007-3 del PEJC, intitulada *Mecanismos Alternos de cumplimiento, Reglas 33, 34 y 35 del Reglamento de 2005 y Regla 7 del Reglamento de 1998*.

letrados que hayan completado estudios de maestría y doctorado en Derecho quedarán relevados por un período de 2 o 4 años, contados a partir de la fecha de obtención del grado; (4) los profesionales designados a ciertas comisiones, juntas y comités adscritos al Tribunal Supremo estarán relevados mientras dure su designación, y (5) los jueces del Tribunal General de Justicia de Puerto Rico, los ex jueces del Tribunal Supremo de Puerto Rico, "[l]os jueces y las juezas de la Corte Federal para el Distrito de Puerto Rico, de la Corte de Quiebras, y los magistrados y magistradas federales", así como los profesores de Derecho, quedarán excluidos de las disposiciones del Reglamento.[10]

La tercera opción dispuesta en el Reglamento permite que el abogado solicite aprobación o acreditación de cursos que no estaban previamente autorizados por la Junta.[11] Este remedio permite que el letrado pueda tomar cursos que se ofrecen en otras jurisdicciones. En ocasiones, puede beneficiarse de ayudas económicas que brindan a esos fines diversas instituciones. Ahora bien, el abogado no podrá descansar exclusivamente en informar a la Junta que tomó créditos educativos, sino que deberá completar el procedimiento administrativo de aprobación o acreditación establecido en la Regla 11(B) del Reglamento, *supra*. Este requiere, entre otras cosas, proveer la descripción del

---

[10] Véanse Reglas 33, 34, 35, 36 y 4(C) del Reglamento, *supra*.

[11] Regla 11 del Reglamento, *supra*.

curso y el número de horas tomadas. Ante la falta de cumplimiento con lo exigido, se entenderá que el letrado no ha cumplido con los requisitos del PEJC.[12]

Recientemente, este Tribunal adoptó un procedimiento uniforme para los letrados que interesan cambiar su estatus a "abogado inactivo" en el RUA.[13] Este proceso está disponible para los abogados no practicantes, los que practican en otra jurisdicción, los retirados y los que están incapacitados por razón de enfermedad, y deberá ser solicitado exclusivamente ante el Tribunal Supremo de Puerto Rico.[14] La *Solicitud de Cambio a Estatus de Abogado(a) Inactivo(a)* está disponible en la Secretaría del Tribunal Supremo, y deberá ser completada y entregada en la misma Corte.[15] Dicho documento establece claramente los requisitos y las consecuencias del cambio solicitado.

En particular, el formulario advierte que el abogado inactivo no podrá ejercer la profesión de la abogacía y la notaría en Puerto Rico hasta tanto esta Corte apruebe su reactivación. De este modo, el abogado quedará relevado de cumplir con los requisitos del PEJC para los períodos posteriores a la fecha en que el Tribunal Supremo autorizó

---

[12] In re Luis Paisán, 190 DPR 1 (2014); Véase Regla 11(B) del Reglamento, *supra*.

[13] Véase In re R. 4 Prog. Educ. Jur. Cont., 183 DPR 48 (2011).

[14] Véase Formulario OAT 1639, *Solicitud de Cambio a Estatus de Abogado(a) Inactivo(a) en el Registro Único de Abogados y Abogadas* (Formulario de Cambio de Estatus).

[15] Íd.

el cambio a inactivo.[16] Ahora bien, es importante aclarar que la solicitud de cambio de estatus requiere que el peticionario acredite que atendió previamente todos los requerimientos del PEJC. Una vez el abogado solicite reactivación, éste tendrá que cumplir con los créditos de educación que disponga la Junta, asunto que dependerá -entre otras cosas- del tiempo que duró la inactividad.[17]

Como observamos, existen múltiples mecanismos alternos para evitar una suspensión de la práctica legal por incumplimiento con los requisitos de educación jurídica continua. A tales fines, resaltamos la importancia de que el abogado solicite oportunamente los remedios y cumpla con todos los requisitos administrativos, pues sancionaremos el incumplimiento con la suspensión inmediata del ejercicio de la abogacía y la notaría.[18]

Por otra parte, la Regla 9 (j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el [RUA]". El mero incumplimiento de lo anterior también podrá conllevar la imposición de sanciones

---

[16] Íd.; Regla 4 (C)(3)(b) del Reglamento, *supra*.

[17] Formulario de Cambio de Estatus.

[18] In re Prado Rodríguez, 190 DPR 361, 367 (2014); Villamarzo García, Ex parte, 190 DPR 443, 447 (2004).

disciplinarias.[19]    No olvidemos que cuando un letrado incumple con su deber de mantener al día su información de contacto, éste obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[20]

**III**

Hemos resuelto reiteradamente que los miembros de la profesión legal tienen la obligación de tomar cursos de educación jurídica continua como parte de su deber de ejercer adecuadamente su profesión. En esta ocasión, orientamos sobre los múltiples mecanismos alternos que están disponibles para aquellos abogados que se les dificulte cumplir con los créditos requeridos, así como otros remedios para los que no interesen continuar ejerciendo la profesión legal. A tono con nuestra función como foro regulador y fiscalizador de la profesión legal, advertimos que no condonaremos la dejadez de los abogados que pretenden ser eximidos de cumplir con los requisitos del PEJC en los casos en los que no presentaron una solicitud de exención, exoneración, diferimiento o acreditación siguiendo el cauce administrativo aplicable.

De la última dirección que el licenciado Sitiriche Torres nos proveyó, surge que el abogado reside en el

---

[19] *In re Bryan Picó*, res. el 30 de enero de 2015, 2015 TSPR 10, 192 DPR __ (2015).

[20] *In re Toro Soto*, 181 DPR 654, 661 (2011).

estado de Texas. Sin embargo, observamos que éste no ha solicitado un cambio de estatus ante el Tribunal Supremo, así como tampoco cumplió con los requisitos de educación jurídica continua para el período del 1 de agosto de 2007 al 31 de julio de 2009. Esto, a pesar de los múltiples mecanismos de cumplimiento que provee nuestro ordenamiento jurídico. A su vez, el licenciado Sitiriche Torres no aprovechó el término de 60 días que la Junta le concedió para tomar los créditos adeudados, no contestó los requerimientos de este Tribunal ni mantuvo actualizados sus datos personales en el RUA. Por tales razones, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía de forma inmediata e indefinida.

## IV

Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del Lcdo. Ángel L. Sitiriche Torres de la práctica de la abogacía. El licenciado Sitiriche Torres deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier

cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel L. Sitiriche Torres                    TS-7837

SENTENCIA

San Juan, Puerto Rico, a 26 de marzo de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Ángel L. Sitiriche Torres del ejercicio de la abogacía.

El licenciado Sitiriche Torres deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta **(30) días**, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese personalmente.**

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                                    Aida Ileana Oquendo Graulau
                                   Secretaria del Tribunal Supremo