EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: <br><br> Marianela Jové Gotay | 2015 TSPR 67 <br><br> 192 DPR ____ |
| --- | --- |

Número del Caso: TS-13,278


Fecha: 30 de marzo de 2015


Programa de Educación Jurídica Continua:

        Lcda. Geisa Marrero
        Directora Ejecutiva


Materia: Conducta Profesional- La suspensión de la abogada será efectiva el 7 de abril de 2015, fecha en que se depositó en el correo la notificación de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marianela Jové Gotay                    TS-13278

PER CURIAM

San Juan, Puerto Rico, a 30 de marzo de 2015.

Nuevamente nos vemos obligados a suspender a una abogada por incumplimiento con los requisitos del Programa de Educación Jurídica Continua (PEJC). A su vez, aprovechamos para reiterar las múltiples alternativas que tienen disponibles los abogados para prevenir que este Tribunal los suspenda por incumplimiento con las exigencias del PEJC.

**I**

La Lcda. Marianela Jové Gotay fue admitida al ejercicio de la abogacía el 27 de junio de 2000. En el 2009, el PEJC envió a la abogada un *Aviso de Incumplimiento* mediante el cual le concedió 60 días

para que tomara los cursos de educación jurídica continua que adeudaba a la fecha. Dos años más tarde, ante la ausencia de una respuesta, el PEJC cursó a la licenciada Jové Gotay una citación para una vista informal. La carta se envió al estado de New Jersey, a la dirección de la abogada que surgía del Registro Único de Abogados de Puerto Rico (RUA).[1] Sin embargo, ésta fue devuelta por el Servicio de Correo Postal.

El 10 de octubre de 2014, la Directora del PEJC presentó ante este Tribunal un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, en el que notificó que la licenciada Jové Gotay no cumplió con los créditos de educación jurídica continua para el período del 1 de agosto de 2007 al 31 de julio de 2009.[2] El 20 de octubre de 2014, emitimos una resolución en la que concedimos 20 días a la licenciada Jové Gotay para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía. Al día de hoy, la abogada no ha contestado.

## II

Con el propósito de asegurar que los abogados provean una representación legal adecuada a sus clientes, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, les

---

[1] La Lcda. Marianela Jové Gotay actualizó su dirección en el Registro Único de Abogados (RUA) en noviembre de 2011.

[2] En su Informe, el Programa de Educación Jurídica Continua (PEJC) nos indicó que la licenciada Jové Gotay también incumplió los períodos del 1 de agosto de 2009 hasta el 31 de julio de 2011 y del 1 de agosto de 2011 hasta el 31 de julio de 2013, pero añadió que la licenciada no fue citada a vista para dichos períodos.

impone a los profesionales del Derecho la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". A tenor con lo anterior, el Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E, exige que los abogados presenten ante la Junta de Educación Jurídica Continua (Junta) un *Informe de Cumplimiento* que evidencie que completaron un mínimo de 24 horas crédito para cada período de 2 años de duración.[3] El informe deberá ser presentado no más tarde de los 30 días siguientes al vencimiento del período en cuestión y será completado en todos los casos, aun en los que el abogado esté excluido o exento de los requisitos del Programa.[4]

Recientemente, orientamos a la comunidad legal sobre los múltiples mecanismos alternos que están disponibles para aquellos abogados que se les dificulte cumplir con los créditos requeridos, así como otros remedios disponibles para los que no interesen continuar ejerciendo la profesión legal.[5] En primer lugar, el Reglamento permite que el abogado solicite ante la Junta una **"exoneración o diferimiento de la educación jurídica continua, por razones**

---

[3] Regla 28 del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E.

[4] Regla 28 del Reglamento, *supra*.

[5] In re Sitiriche Torres, res. el 26 de marzo de 2015, 2015 TSPR __, __ DPR __ (2015).

**de justa causa**".[6]     Entre las razones que podrían considerarse justa causa se encuentra "la situación de los abogados y abogadas que ejercen en jurisdicciones de Estados Unidos que tienen establecida junta o entidad equivalente acreditadora de la educación jurídica continua obligatoria y cumplen con su programa", así como alguna enfermedad o situación especial.[7]     Todas las peticiones serán evaluadas caso a caso en consideración a las circunstancias especiales que las motivaron y en atención al tiempo trascurrido desde que se originó la circunstancia hasta el momento en que se presentó la solicitud.[8]

La segunda opción consiste en el reconocimiento por parte del PEJC de ciertas actividades realizadas por el abogado.  En particular, la Junta evaluará una solicitud de convalidación, relevo o exención cuando el abogado acredite la existencia de alguna de las siguientes instancias: (1) los "profesionales del derecho que participen como recursos en la educación jurídica continua recibirán acreditación por esta función"; (2) los abogados que publiquen "libros de contenido jurídico y artículos en revistas" recibirán convalidación de créditos; (3) los letrados que hayan completado estudios de maestría y doctorado en Derecho quedarán relevados por un período de 2

---

[6] Regla 4(C)(3)(d) del Reglamento, *supra*.

[7] Anotación de la Regla 4 del Reglamento, *supra*; In re Aprobación Regl. Prog. Educ. Jur., 164 DPR 555, 562 (2005); In re Grau Collazo, 185 DPR 938, 940 (2012).

[8] Véase Resolución Núm. 2007-3 del PEJC, intitulada *Mecanismos Alternos de cumplimiento, Reglas 33, 34 y 35 del Reglamento de 2005 y Regla 7 del Reglamento de 1998*.

o 4 años, contados a partir de la fecha de obtención del grado; (4) los profesionales designados a ciertas comisiones, juntas y comités adscritos al Tribunal Supremo estarán relevados mientras dure su designación, y (5) los jueces del Tribunal General de Justicia de Puerto Rico, los ex jueces del Tribunal Supremo de Puerto Rico, "[l]os jueces y las juezas de la Corte Federal para el Distrito de Puerto Rico, de la Corte de Quiebras, y los magistrados y magistradas federales", así como los profesores de Derecho, quedarán excluidos de las disposiciones del Reglamento.[9]

La tercera opción dispuesta en el Reglamento permite que el abogado solicite aprobación o acreditación de cursos que no estaban previamente autorizados por la Junta.[10] Este remedio permite que el letrado se beneficie de programas, becas y descuentos ofrecidos por diversas instituciones. Ahora bien, el abogado no podrá descansar exclusivamente en informar a la Junta que tomó créditos educativos, sino que deberá completar el procedimiento administrativo de aprobación o acreditación establecido en la Regla 11(B) del Reglamento, que requiere, entre otras cosas, proveer la descripción del curso y el número de horas tomadas.[11] Ante el incumplimiento con lo exigido, se entenderá que el letrado no ha cumplido con los requisitos del PEJC.[12]

---

[9] Véanse Reglas 33, 34, 35, 36 y 4(C) del Reglamento, *supra*.

[10] Regla 11(B) del Reglamento, *supra*.

[11] Íd.; In re Luis Paisán, 190 DPR 1, 7 (2014).

[12] In re Luis Paisán, *supra*.

Recientemente, este Tribunal adoptó un procedimiento uniforme para los letrados que interesan cambiar su estatus a "abogado inactivo" en el RUA.[13] Este mecanismo está disponible para los abogados no practicantes, los que practican en otra jurisdicción, los retirados y los que están incapacitados por razón de enfermedad. La *Solicitud de Cambio a Estatus de Abogado(a) Inactivo(a)* está disponible en la Secretaría del Tribunal Supremo, y debe ser completada y entregada en la misma Corte.[14] Dicho documento establece claramente los requisitos y las consecuencias del cambio solicitado.

En particular, el formulario advierte que el abogado con estatus inactivo no podrá ejercer la profesión de la abogacía y la notaría en Puerto Rico hasta tanto solicite reactivación y esta Corte apruebe su solicitud.[15] De este modo, el abogado quedará relevado de cumplir con los requisitos del PEJC para los períodos posteriores a la fecha en que el Tribunal Supremo autorizó el cambio a inactivo.[16] Ahora bien, es importante aclarar que la solicitud de cambio de estatus requiere que el peticionario certifique y acredite que atendió previamente "todos los

_____

[13] Véase In re R. 4 Prog. Educ. Jur. Cont., 183 DPR 48 (2011).

[14] Véase Formulario OAT 1639, *Solicitud de Cambio a Estatus de Abogado(a) Inactivo(a) en el Registro Único de Abogados y Abogadas* (Formulario de Cambio de Estatus).

[15] Íd.

[16] Íd.; Regla 4 (C)(3)(b) del Reglamento, *supra*.

asuntos pertinentes ante el [PEJC]".[17] Asimismo, advertimos
que el abogado que solicite reactivación tendrá que cumplir
con los créditos de educación que disponga la Junta, asunto
que dependerá -entre otras cosas- del tiempo que duró la
inactividad.[18]

Como observamos, existen múltiples mecanismos alternos
para evitar una suspensión de la práctica legal por
incumplimiento con los requisitos de educación jurídica
continua. A tales fines, resaltamos la importancia de que
el abogado solicite oportunamente los remedios y cumpla con
todos los requisitos administrativos, pues sancionaremos el
incumplimiento con la suspensión inmediata del ejercicio de
la abogacía y la notaría.[19]

Por otro lado, la Regla 9(j) del Reglamento del
Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los
abogados tienen "la obligación de mantener actualizados sus
datos y realizar cualquier cambio en la información que
consta en el [RUA]". Hemos resuelto reiteradamente que el
mero incumplimiento de lo anterior podrá conllevar la
imposición de sanciones disciplinarias.[20] No olvidemos que
cuando un letrado incumple con su deber de mantener al día

---

[17] Formulario de Cambio de Estatus.
[18] Íd.

[19] In re Sitiriche Torres, *supra*; In re Prado Rodríguez, 190 DPR 361, 367 (2014); Villamarzo García, Ex parte, 190 DPR 443, 447 (2004).

[20] In re Bryan Picó, res. el 30 de enero de 2015, 2015 TSPR 10, 192 DPR __ (2015).

su información de contacto, éste obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[21]

### III

De la última dirección que aparece en el RUA, surge que la licenciada Jové Gotay reside en el estado de New Jersey. Hemos examinado el expediente y notamos que la letrada no solicitó un cambio de estatus ante el Tribunal Supremo, no cumplió con los requisitos del PEJC para el período del 1 de agosto de 2007 al 31 de julio de 2009, no contestó los requerimientos de este Tribunal ni mantuvo actualizados sus datos personales en el RUA. Por tales razones, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía de forma inmediata e indefinida.

### IV

Por los fundamentos expuestos, se ordena la suspensión inmediata e indefinida de la Lcda. Marianela Jové Gotay de la práctica de la abogacía. La licenciada Jové Gotay deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente de

---

[21] In re Toro Soto, 181 DPR 654, 661 (2011).

resolución y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marianela Jové Gotay                    TS-13278

SENTENCIA

San Juan, Puerto Rico, a 30 de marzo de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente a la Lcda. Marianela Jové Gotay del ejercicio de la abogacía.

La licenciada Jové Gotay deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta **(30) días**, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese personalmente.**

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo