EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2015 TSPR 98 |
| Cruz A. Valentín Malavé | 193 DPR ____ |

Número del Caso: TS-6,642

Fecha: 8 de julio de 2015

Oficina de Inspección de Notarías:

      Lcdo. Manuel Ávila De Jesús
      Director

Materia: Conducta Profesional - La suspensión del abogado será efectiva el 14 de julio de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Cruz A. Valentín Malavé                    TS-6,642

PER CURIAM

San Juan, Puerto Rico, a 8 de julio de 2015.

Una vez más nos vemos obligados a suspender a un abogado por incumplimiento con las órdenes emitidas por este Tribunal.

**I**

El 9 de octubre de 2014, el Director de la Oficina de Inspección de Notarías (ODIN) compareció a este Tribunal mediante una *Moción en Auxilio del Tribunal para Incautación de Obra Notarial y Otros Remedios*. En la misma, informó que el Lcdo. Cruz A. Valentín Malavé desatendió sus requerimientos en múltiples ocasiones desde el 2012. Por ello, pidió que ordenáramos la incautación de la obra y sello

notarial del abogado y decretáramos su separación del ejercicio de la notaría.

El historial de incumplimiento del licenciado Valentín Malavé se detalla a continuación. El 20 de agosto de 2012, ODIN notificó al abogado un Informe en el cual se desglosaban las deficiencias de su obra notarial y le concedió 15 días para que presentara cualquier objeción al Informe y atendiera las deficiencias señaladas. Entre los señalamientos de ODIN se incluyó la omisión de presentar varios índices de actividad notarial y la existencia de una deuda arancelaria ascendente a $1,069.50. El 31 de agosto de 2012, el licenciado Valentín Malavé aceptó el contenido del Informe y las deficiencias señaladas e informó que no había podido efectuar las correspondientes correcciones por dificultades económicas, pero aun así se comprometió a comprar los sellos adeudados.

El 26 de junio de 2013, ODIN le requirió al abogado que detallara las gestiones que había llevado a cabo para comenzar el proceso de subsanación. Transcurrido un año sin que se hubiesen subsanado las deficiencias señaladas, el 12 de junio de 2014, ODIN volvió a cursarle al notario una comunicación mediante correo certificado en la que advirtió que la omisión de atender sus requerimientos podría conllevar que el asunto se refiriera al Tribunal Supremo.[1]

---

[1] Posteriormente, la Sra. Sonia Carcaña Pérez envió una misiva a la Oficina de Inspección de Notarías (ODIN) en la que alegó que el licenciado Valentín Malavé no estuvo disponible para entregarle una

Como informamos anteriormente, el licenciado Valentín Malavé desatendió los requerimientos de ODIN, ante ello, se nos remitió el asunto para que tomáramos la acción correspondiente. El **16 de octubre de 2014**, ordenamos la incautación del sello y obra notarial del abogado y le concedimos un término de 10 días para que mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía y la notaría por su reiterado incumplimiento con los requerimientos de ODIN. Dicha resolución le fue notificada personalmente al abogado el 23 de octubre de 2014.

El 20 de enero de 2015, el Director de ODIN compareció nuevamente ante este Foro. Informó que la deuda arancelaria aún prevalecía al igual que subsistían las deficiencias notariales. Además, llamó nuestra atención al hecho de que el término para mostrar causa ante este Foro había vencido sin que el abogado hubiese contestado. Al día de hoy, el licenciado no ha cumplido nuestra orden ni ha subsanado las deficiencias señaladas por ODIN.

## II

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión legal y, como tal, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones

---

copia certificada de un testamento abierto que su padre había otorgado ante éste. El 16 de julio de 2014 y el 26 de agosto del mismo año ODIN le requirió al abogado que atendiera la solicitud de la señora Carcaña Pérez.

responsable, competente y diligentemente.[2] Con el propósito de mantener la excelencia de la clase togada, repetidamente hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.[3] Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[4] Por tal motivo, hemos decidido que **procederá la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por la Oficina de Inspección de Notarías (ODIN) y la Oficina del Procurador General.**[5]

### III

A pesar de los múltiples requerimientos que la ODIN le ha cursado al licenciado Valentín Malavé desde el 23 de agosto de 2012, el abogado aún no ha comenzado el proceso

---

[2] In re Vera Vélez, res. el 14 de enero de 2015, 2015 TSPR 7, 192 DPR __ (2015).

[3] In re Sosa Suárez, 191 DPR 261 (2014).

[4] In re Bryan Picó, res. el 30 de enero de 2015, 2015 TSPR 10, 192 DPR __ (2015); In re Pérez Román, 191 DPR 186 (2014); In re Martínez Romero, 188 DPR 511 (2013).

[5] In re Martínez Romero, *supra*, pág. 515.

de subsanación de su obra notarial ni ha entregado los sellos adeudados. Tampoco ha contestado la Orden que emitimos el 16 de octubre de 2014 en la que le requerimos que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y la notaría por incumplimiento con los requerimientos de ODIN. Por las razones antes expuestas, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía y la notaría de forma inmediata e indefinida.

**IV**

Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del Lcdo. Cruz A. Valentín Malavé de la práctica de la abogacía y la notaría. El licenciado Valentín Malavé deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contado a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Además, el licenciado Valentín Malavé deberá atender los señalamientos de ODIN dentro del término de 90 días, incluyendo el pago de aranceles.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Cruz A. Valentín Malavé          TS-6,642

SENTENCIA

San Juan, Puerto Rico, a 8 de julio de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata e indefinida del Lcdo. Cruz A. Valentín Malavé del ejercicio de la abogacía y la notaría.

El licenciado Valentín Malavé deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contado a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Además, el licenciado Valentín Malavé deberá atender los señalamientos de ODIN dentro del término de 90 días, incluyendo el pago de aranceles.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                                   Aida Ileana Oquendo Graulau
                                   Secretaria del Tribunal Supremo