EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Edgardo José Oyola Torres | 2016 TSPR 73<br><br>195 DPR ____ |

Número del Caso: TS-15,833

Fecha: 21 de abril de 2016

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director

Materia: Conducta Profesional – La suspensión de la abogacía y notaría será efectiva el 27 de abril de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Edgardo José Oyola Torres          TS-15,833

*PER CURIAM*

San Juan, Puerto Rico, a 21 de abril de 2016.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión jurídica que ha incumplido con los requisitos de la Oficina de Inspección de Notarías (ODIN) y no ha acatado las órdenes de este Tribunal.

En atención a la inobservancia de los preceptos antes establecidos, suspendemos al Lcdo. Edgardo José Oyola Torres (licenciado Oyola Torres) de forma inmediata e indefinida de la abogacía y la notaría.

# I

El licenciado Oyola Torres fue admitido al ejercicio de la abogacía el 31 de enero de 2006 y a la notaría el 24 de marzo del mismo año. El 12 de mayo de 2015, la ODIN, a través de su Director el Lcdo. Manuel E. Ávila De Jesús, compareció ante este Foro mediante *Informe Especial* (Informe). En éste, señaló que se le había notificado al licenciado Oyola Torres que adeudaba un total de treinta y tres índices de actividad notarial mensual correspondientes a los meses de diciembre de 2010, noviembre y diciembre de 2011, enero a diciembre de 2012, enero a diciembre de 2013 y enero a septiembre de 2014. Además, no había presentado los informes estadísticos de actividad notarial anual para los años naturales de 2012 y 2013.

A esos fines, la ODIN le concedió al licenciado Oyola Torres un término de diez días para rendir todos los documentos adeudados y expresar las razones de su incumplimiento reiterado en la presentación de los índices de actividad mensual y de los informes estadísticos de actividad notarial. La comunicación remitida al notario fue devuelta como "destinatario desconocido" ("unknown recipient") por el Servicio Federal de Correo Postal.

El 16 de enero de 2015, la ODIN le remitió otra carta al licenciado Oyola Torres, en la cual le explicó que la comunicación anterior, enviada a la dirección de notificaciones que aparece en el Registro Único de Abogados (RUA), había sido devuelta por el sistema de correo federal. No obstante, la ODIN le concedió un término final e

improrrogable para presentar los índices mensuales y los informes estadísticos anuales adeudados a vencerse el 6 de febrero de 2015. Además, le requirió que expusiera las razones por las cuales incumplió con la presentación de los mismos dentro de los términos dispuestos en la Ley Notarial y su Reglamento. El licenciado Oyola Torres tampoco respondió a esta comunicación.

El 12 de febrero de 2015, la ODIN reenvió al licenciado Oyola Torres el requerimiento de la presentación de los índices notariales e informes estadísticos de actividad notarial adeudados. En esa ocasión, la comunicación fue enviada a una tercera dirección postal del licenciado Oyola Torres según surge del expediente que custodia la ODIN. En la referida carta, se confirió al licenciado Oyola Torres hasta el 25 de febrero de 2015 para presentar los índices e informes con la carta explicativa sobre las razones para el incumplimiento con la presentación oportuna de los mismos. A esa fecha, el notario adeudaba, además, los índices correspondientes a los meses de octubre a diciembre de 2014 y tampoco había presentado evidencia del pago de la fianza notarial correspondiente a los años 2010 al 2015 ni había actualizado su información personal en RUA.

La ODIN realizó varios intentos adicionales de comunicarse con el licenciado Oyola Torres. No obstante, los mismos fueron infructuosos. A esos efectos, la ODIN recomendó en su Informe la imposición de medidas disciplinarias en contra del notario por su "evidente falta de interés y

compromiso […] en responder diligentemente a las cartas de requerimiento que le fueron enviadas".[1]

Mediante una Resolución emitida el 29 de mayo de 2015,[2] concedimos al notario un término de veinte días para expresarse en torno al Informe y le apercibimos que su incumplimiento con esta orden conllevaría sanciones severas. El notario aún no ha presentado su oposición al mismo.

## II

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión y, como tal, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[3] Con el propósito de mantener la excelencia de la clase togada, reiteradamente hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.[4]

Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". La desatención de las órdenes y los requerimientos judiciales constituye un serio

---

[1] Véase *Informe Especial*, pág. 8.

[2] Archivada en autos la copia de la notificación de la Resolución el 4 de junio de 2015.

[3] *In re Vera Vélez*, res. el 14 de enero de 2015, 2015 TSPR 7, 192 DPR __ (2015).

[4] *In re Sosa Suárez*, 191 DPR 261 (2014).

agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[5] Por tal motivo, los abogados tienen una obligación inexcusable de atender y responder pronta y rigurosamente nuestras órdenes y requerimientos, en especial aquellos referentes a la investigación, tramitación y resolución de quejas y procesos disciplinarios.[6] Ello, independientemente de los procedimientos iniciados en su contra.[7]

A su vez, los abogados deben responder diligentemente a los requerimientos de la ODIN y del Procurador General, puesto que su inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por este Foro.[8] En el ejercicio de nuestra autoridad fiscalizadora de la profesión legal hemos suspendido inmediata e indefinidamente del ejercicio de la abogacía y la notaría a aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por la ODIN y la Oficina del Procurador General.[9]

Por otra parte, la Regla 9 (j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único [de Abogados del Tribunal Supremo

---

[5] In re Bryan Picó, res. el 30 de enero de 2015, 2015 TSPR 10, 192 DPR __ (2015); In re Martínez Romero, 188 DPR 511 (2013).

[6] In re Bryan Picó, *supra*; In re Vera Vélez, *supra*.

[7] In re Martínez Romero, *supra*; In re Chardón Dubós, 191 DPR 201 (2014).

[8] In re Chardón Dubós, *supra*.

[9] In re Martínez Romero, *supra*, pág. 515.

(RUA)]". Entre otras cosas, el abogado deberá notificar cualquier cambio en su dirección, teléfono, fax y correo electrónico. El incumplimiento con lo anterior también podrá conllevar la imposición de sanciones disciplinarias.[10] No olvidemos que cuando un letrado incumple con su deber de mantener al día su información de contacto, este obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[11]

### III

A pesar de los múltiples apercibimientos, tanto de este Tribunal como de la ODIN, el licenciado Oyola Torres ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Esa conducta, en sí misma, constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. Al igual que en otras ocasiones, no dudaremos en tomar acción disciplinaria en contra de abogados que incumplan con los términos finales concedidos para contestar nuestras órdenes o las de la ODIN y el Procurador General.

Además, su omisión de mantener informado a este Tribunal sobre su dirección actual ha obstaculizado el ejercicio de nuestra jurisdicción disciplinaria. Con su conducta, el licenciado Oyola Torres nos ha demostrado que no tiene interés en practicar la profesión jurídica en esta jurisdicción.

---

[10] In re Bryan Picó, *supra*.

[11] In re Toro Soto, 181 DPR 654, 661 (2011).

**IV**

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Oyola Torres del ejercicio de la abogacía y la notaría.

El licenciado Oyola Torres deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Oyola Torres y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Edgardo José Oyola Torres          TS-15,833

**SENTENCIA**

San Juan, Puerto Rico, a 21 de abril de 2016.

El **Lcdo. Edgardo José Oyola Torres** fue admitido al ejercicio el 31 de enero de 2006 y a la notaría el 24 de marzo de 2006.

Por los fundamentos expuestos en la opinión que antecede, se suspende inmediata e indefinidamente al **Lcdo. Edgardo José Oyola Torres** del ejercicio de la abogacía y la notaría. El licenciado Oyola Torres deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del **Lcdo. Edgardo José Oyola Torres** y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo