*In re* JUAN LORENZO RODRÍGUEZ QUESADA.

*Número:* TS-5035        *Resuelto:* 30 de junio de 2016

*Lawrence K. Bloom, Senior Staff Attorney* del *Office of Bar Counsel,* en comunicación.

PER CURIAM: El licenciado Juan Lorenzo Rodríguez Quesada fue admitido a la práctica de la abogacía el 12 de diciembre de 1975 y a la práctica de la notaría en febrero de 1976. Eventualmente, en 2001, cesó voluntariamente la práctica del notariado y entregó sus Protocolos y el correspondiente sello notarial a la Oficina de Inspección de Notarías. A su vez, este está autorizado desde el 2005 a ejercer la práctica de la abogacía en el Distrito de Columbia.

El asunto ante nuestra consideración surge a raíz de una comunicación que nos remitió el *Office of Bar Counsel* del Distrito de Columbia el 21 de agosto de 2015. Mediante esta comunicación fue referida a este Tribunal una Opinión *per curiam* de la Corte de Apelaciones del Distrito de Columbia mediante la cual el licenciado Rodríguez Quesada fue suspendido de la práctica de la profesión en esa jurisdicción por el término de dos años. En esencia, se determinó que este violó numerosas reglas de conducta profesional mientras representaba a varios clientes en asuntos de inmigración. Algunas de las faltas que motivaron la suspensión fueron las siguientes: falta de diligencia; no mantener informados a los clientes; no devolver ciertos expedientes; retener honorarios por trabajos no realizados; realizar falsas representaciones ante el tribunal e interferir con la administración de la justicia.

Ante ello, el 18 de marzo de 2016 emitimos una Resolución en la que le ordenamos al licenciado Rodríguez Quesada que, en un término de 20 días, mostrara causa por la cual no debía ser suspendido de la práctica de la profesión en nuestra jurisdicción. Personal de la Secretaría del Tribunal Supremo notificó dicha orden a la dirección postal del abogado según consta en el Registro Único de Abogados

y Abogadas de Puerto Rico (RUA). Aún hoy, este no ha comparecido a cumplir con lo ordenado.

## II

El Canon 9 del Código de Ética Profesional dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Al interpretar este precepto, hemos expresado que la naturaleza de la función de abogado requiere que se emplee una estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer. *In re García Ortiz*, 187 DPR 507, 524 (2012). En ese contexto, es obligación de todo letrado responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente en aquellos asuntos relacionados con procedimientos disciplinarios sobre su conducta profesional. *In re Fidalgo Córdova*, 183 DPR 217, 222 (2011); *In re Fontán la Fontaine*, 182 DPR 931, 935 (2011). Cuando los abogados no cumplen con las órdenes de esta Curia, demuestran menosprecio hacia nuestra autoridad. Véanse: *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Martínez Romero*, 188 DPR 511 (2013). Hemos enunciado que este incumplimiento "obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y también es suficiente para decretar su separación indefinida de la profesión". *In re Pastrana Silva*, 195 DPR 366, 369–370 (2016). Hemos reiterado que el incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causa suficiente para una suspensión inmediata. *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1 (2011). Ante ello, un abogado actúa en contravención al Canon 9, *supra*, cuando desatiende órdenes relacionadas con nuestra jurisdicción disciplinaria. *In re Rodríguez Bigas*, 172 DPR 345 (2007).

Expuesto el marco ético, pasemos a discutir si el quere-

llado infringió las disposiciones del Canon 9 del Código de Ética Profesional, *supra.*

## III

■ Luego de examinar el expediente de este caso no hay duda de que el licenciado Rodríguez Quesada incumplió con nuestra Resolución de 18 de marzo de 2016, infringiendo así el Canon 9 del Código de Ética Profesional, *supra.* Dicha Resolución se le notificó a la dirección postal que de él consta en RUA. Recordemos que todo abogado debe mantener su información personal actualizada en RUA según dicta la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XX1-B.

## IV

Por los fundamentos que anteceden, concluimos que el licenciado Rodríguez Quesada infringió el Canon 9 del Código de Ética Profesional, *supra,* al incumplir con nuestra Resolución de 18 de marzo de 2016. En consecuencia, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

En vista de lo anterior, le imponemos el deber de notificar inmediatamente a todos sus clientes sobre su inhabilidad de seguir representándolos, así como notificar a los foros judiciales y administrativos de Puerto Rico en cuanto a su suspensión indefinida. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *per curiam* y Sentencia. Notificará también a la Procuradora General el cumplimiento con estos deberes. *Notifíquese personalmente.*

*Se dictará Sentencia de conformidad.*

La Jueza Presidenta Oronoz Rodríguez no intervino. La

Juez Asociada Señora Rodríguez Rodríguez emitió la expresión siguiente:

> En este caso *no* se le notificó personalmente la orden que emitimos, por ello considero que no procede, en este momento, separarlo. Emitiría una nueva orden y notificaría personalmente.