EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------------------|
| Benjamín Sepúlveda Torres | 2016 TSPR 164 |
| | 196 DPR ____ |

Número del Caso: TS-16285

Fecha: 12 de julio de 2016

Oficina de Inspección de Notarías:

Lcdo. Manuel E. Dávila de Jesús
Director

Materia: La suspensión será efectiva el 13 de julio de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Benjamín Sepúlveda Torres                    TS-16285

PER CURIAM

En San Juan, Puerto Rico, a 12 de julio de 2016.

Hoy nos corresponde ejercer nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un abogado por desobedecer las órdenes de este Tribunal. Por los fundamentos que a continuación enunciamos, lo suspendemos inmediata e indefinidamente de la práctica de la abogacía y la notaría.

I

El Lcdo. Benjamín Sepúlveda Torres (licenciado Sepúlveda Torres) fue admitido a la práctica de la abogacía el 26 de enero de 2007 y a la práctica de la notaría el 5 de marzo de 2008. El 3 de diciembre de 2014 el Director de la Oficina de Inspección de Notarías (ODIN) presentó ante esta Curia un escrito titulado "Informe Especial sobre Incumplimiento de

la Ley Notarial y su Reglamento, y en Solicitud de Remedios" en el que nos informó que el licenciado Sepúlveda Torres había incumplido con su obligación de remitir a la ODIN un Informe Estadístico de Actividad Notarial Anual para el año natural 2013.

En el informe se hizo constar que el 29 de septiembre de 2014 se envió una carta por correo certificado con acuse de recibo en la que se orientó al notario sobre el derecho aplicable, se le advirtió sobre la gravedad de la conducta desplegada y sobre las consecuencias disciplinarias que acarrea tal incumplimiento. A esos fines, se le concedió un término de 10 días para rendir todos los documentos adeudados. Dentro de ese mismo término, también tenía que informar dónde está ubicada la obra notarial autorizada por éste y explicar las razones por las cuales no ha designado un(a) notario(a) sustituto(a). La carta fue devuelta por el servicio postal federal. La razón de la devolución fue: "Not deliverable as addressed – Unable to forward".

Ante esta circunstancia, el 14 de octubre de 2014 se le envió otra comunicación al licenciado Sepúlveda Torres. En esta ocasión se remitieron dos cartas mediante correo certificado con acuse de recibo a las direcciones postales registradas en el Registro Único de Abogados (RUA) y a las dos direcciones de correo electrónico que surgen del mismo sistema. En las comunicaciones se le reiteró al letrado los posibles cursos de acción a seguir ante la respuesta o falta de esta en cuanto a los requerimientos. Una de las

cartas fue devuelta por el servicio postal el 29 de octubre de 2014 y la otra fue recibida por licenciado Sepúlveda Torres el 24 de octubre de 2014.

Ante el incumplimiento del notario en contestar, el 24 de abril de 2015 emitimos una Resolución en la que le ordenamos que en un término de 10 días mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría e imponerle una sanción de $500.00. En la misma Resolución se le ordenó que notificara a la ODIN el lugar donde ubicaba su obra notarial. Así las cosas, el personal de la Secretaría del Tribunal Supremo notificó dicha orden a la dirección postal del abogado según consta en RUA.

Posteriormente, el 1 de junio de 2015, el Director de la ODIN compareció nuevamente mediante "Moción Informativa Notificando Incumplimiento de Orden y en Solicitud de Remedios". En ésta nos informó que luego de que este Tribunal le concedió al notario de epígrafe un término para contestar, éste había hecho caso omiso a lo requerido. Por lo tanto, solicitó que se tomara conocimiento de lo expresado y que a la luz de la jurisprudencia se ordenara la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del letrado. También, solicitó que se le impusiera una sanción de $500.00 por su reiterado incumplimiento y se le requiriera la entrega inmediata de la obra protocolar y sello notarial que se encuentra bajo su custodia.

El 18 de marzo de 2016 emitimos otra Resolución en la que le concedimos al licenciado Sepúlveda Torres un término de 5 días para que mostrara causa por la cual no debía ser suspendido inmediatamente del ejercicio de la notaría y la abogacía y por la cual no se le debía imponer una sanción económica de $500.00 en virtud del Artículo 62 de la Ley Notarial,[1] por incumplir con los requerimientos hechos por la ODIN. La Resolución fue archivada en autos y notificada el 23 de marzo de 2016. Se envió la misiva a la dirección postal del notario, sin embargo, la misma fue devuelta por el correo postal. La razón de la devolución fue: "Not deliverable as addressed – Unable to forward". Cabe señalar que al día de hoy, éste no ha comparecido a cumplir con lo ordenado.

II

Como parte de nuestro poder inherente de regular la profesión legal en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[2] A tono con ello, el Código de Ética Profesional establece las normas mínimas de conducta que deben desplegar los abogados y abogadas que ejercen tan ilustre profesión.[3]

---

[1] 4 LPRA sec. 2102.
[2] In re Oyola Torres, 2016 TSPR 73, 194 DPR ___ (2016); In re Vera Vélez, 192 DPR 216, 226 (2015).
[3] In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689 (2013).

Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 de Ética Profesional, *supra*, el cual dispone que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[4] Al interpretar este precepto hemos expresado que la naturaleza de la función de abogado requiere que se emplee estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[5] Por lo tanto, todo letrado tiene la obligación de responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente en aquellos asuntos relacionados con procedimientos disciplinarios sobre su conducta profesional.[6] El incumplimiento con las órdenes de esta Curia, demuestra un claro menosprecio hacia nuestra autoridad.[7] Asimismo, hemos reiterado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[8] De manera que desatender nuestros requerimientos es incompatible con la práctica de la profesión y constituye

---

[4] 4 LPRA Ap. IX. C. 9.

[5] In re García Ortiz, 187 DPR 507, 524 (2012).

[6] In re Vera Vélez, supra, pág. 226; In re Pérez Román, 191 DPR 186, 188 (2014); In re Fidalgo Córdova, 183 DPR 217, 222 (2011); In re Fontán La Fontaine, 182 DPR 931, 935 (2011).

[7] In re Irizarry Irizarry, 190 DPR 368, 374 (2014); In re De León Rodríguez, 190 DPR 378, 390-391 (2014).

[8] In re López González et al. 2015 TSPR 107, 193 DPR __ (2015); In re Vera Vélez, supra, pág. 227; In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1, 3 (2011).

una violación al Canon 9 del Código de Ética Profesional, *supra*.[9]

Por otra parte, es harto sabido que todo notario y toda notaria tiene la obligación de cumplir cabalmente con la Ley Notarial de Puerto Rico y su Reglamento. Tanta es la importancia de esto que hemos enfatizado que desacatar los requerimientos cursados por la ODIN equivale a ignorar las órdenes de este Tribunal.[10] A tales efectos, éstos tienen el ineludible deber de desempeñarse con esmero, diligencia y estricto celo profesional.[11] Por lo que el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente.[12]

Por último, la Regla 9(j) del Reglamento del Tribunal Supremo, *supra*, impone la obligación a los abogados y a los notarios de mantener actualizados los datos y la información que consta en el RUA.[13] De igual forma hemos señalado que el abogado deberá notificar cualquier cambio en su dirección, teléfono, fax y correo electrónico.[14] Sabido es que el incumplimiento de mantener actualizadas sus direcciones en el RUA y/o cualquier información personal de contacto acarrean la imposición de sanciones en su contra, las cuales pueden incluir sanciones

---

[9] In re Cepero Rivera et al. 2015 TSPR 107, 193 DPR __ (2015).
[10] In re Rodríguez Zayas, 2015 TSPR 175, 194 DPR __ (2015).
[11] In re Martínez Sotomayor I, supra, pág. 499.
[12] Íd.
[13] 4 LPRA Ap. XXI-B.
[14] In re Oyola Torres, supra; In re Pacheco Pacheco, 192 DPR 553, 561 (2015); In re Arroyo Rosado, 191 DPR 242, 245 (2014).

disciplinarias.[15] Cuando un abogado incumple este deber, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[16]

### III

Luego de examinar el expediente de este caso, es forzoso concluir que el licenciado Sepúlveda Torres incumplió con su obligación de remitir a la ODIN el Informe Estadístico Anual correspondiente al año natural 2013 y de contestar sus requerimientos. Este tampoco ha comparecido a contestar los señalamientos hechos por este Tribunal, infringiendo así el Canon 9 de Ética Profesional, *supra*. A pesar de las múltiples oportunidades y apercibimientos que le concedimos al licenciado Sepúlveda Torres, este ha desplegado una conducta de desatención a nuestra autoridad como foro regulador de la profesión legal. Cabe destacar que se le notificó a través del servicio postal federal a las dos direcciones postales que constaban en RUA y las direcciones electrónicas que constaban en el registro y aun así el letrado incumplió con su deber de ser responsivo. Su incumplimiento con las órdenes de este Tribunal y su omisión de mantenernos informados sobre su dirección actual, constituyó un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*.

### IV

---

[15] *In re Bryan Picó*, 192 DPR 246, 252 (2015); *In re Arroyo Rosado*, supra, pág. 245; *In re Rivera Trani*, 188 DPR 454, 460 (2013); *In re Grau Collazo*, 185 DPR 938, 944 (2012).
[16] *In re Pacheco Pacheco*, supra, pág. 561; *In re Toro Soto*, supra, pág. 660.

Por los fundamentos que anteceden, concluimos que el licenciado Sepúlveda Torres infringió el Canon 9 del Código de Ética Profesional, *supra*, al incumplir con su deber de responder diligentemente los requerimientos de esta Curia. En consecuencia, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría. Además, en virtud del Artículo 62 de la Ley Notarial, *supra*, se le impone una sanción económica de $500.00 por incumplir con los requerimientos hechos por esta Curia y de la ODIN.

En vista de lo anterior, le imponemos el deber de notificar inmediatamente a todos sus clientes de su inhabilidad de seguir representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a los foros judiciales y administrativos de Puerto Rico en el que tenga algún caso pendiente. Asimismo, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar y sello notarial del señor Sepúlveda Torres y entregarlos al Director de la ODIN para que realice la correspondiente investigación e informe. Notifíquese inmediatamente por fax, teléfono, correo electrónico y por la vía ordinaria.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Benjamín Sepúlveda Torres

TS-16,285

SENTENCIA

En San Juan, Puerto Rico, a 12 de julio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía y la notaría al Lcdo. Benjamín Sepúlveda Torres.

En vista de lo anterior, le imponemos el deber de notificar inmediatamente a todos sus clientes de su inhabilidad de seguir representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a los foros judiciales y administrativos de Puerto Rico en el que tenga algún caso pendiente. Se le ordena acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Además, en virtud del Artículo 62 de la Ley Notarial, 4 LPRA sec. 2102, se le impone una sanción económica de $500.00 por incumplir con los requerimientos hechos por esta Curia y de la ODIN.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar y sello notarial y entregarlos al Director de la Oficina de Inspección de Notarías para que realice la correspondiente investigación e informe.

Notifíquese inmediatamente por fax, teléfono, correo electrónico y por la vía ordinaria.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez Rodríguez y los Jueces Asociados señores Feliberti Cintrón y Colón Pérez no intervinieron.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina