EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2017 TSPR 34 |
| Arsenio Marín Serrano | 197 DPR ____ |
| | |

Número del Caso: TS-8845

Fecha: 9 de marzo de 2017

Abogado de la parte promovente:

      Por derecho propio

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director

Materia: Conducta Profesional – La Suspensión será efectiva el 21 de marzo de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Arsenio Marín Serrano                    TS-8845

PER CURIAM

En San Juan, Puerto Rico, a 9 de marzo de 2017.

Nuevamente tenemos ante nuestra consideración la conducta de un profesional del Derecho que desatendió las órdenes de este Tribunal. Específicamente, al incumplir con los deberes que se derivan del Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En consecuencia, por los fundamentos que enunciamos a continuación, ordenamos su suspensión inmediata e indefinida de la práctica de la abogacía y la notaría.

I

El Lcdo. Arsenio Marín Serrano (licenciado Marín Serrano) fue admitido al ejercicio de la abogacía el 4 de enero de 1988 y a la práctica

de la notaría el 8 de febrero del mismo año. El 18 de octubre de 2016, el Director de la Oficina de Inspección de Notarías (ODIN) presentó un *Informe especial solicitando auxilio del Tribunal y notificando estado de obra notarial incautada*. En dicho documento expresó que el 21 de junio de 2016 un Inspector de Protocolos y Notarías (Inspector) se personó a la sede notarial del licenciado Marín Serrano para realizar un examen ordinario previamente coordinado y notificado al notario. Durante el examen preliminar el Inspector se percató que de los cuatro libros de Registro de Testimonios que produjo el notario en ese momento, este había omitido cancelar el correspondiente sello a favor de la Sociedad de Asistencia Legal (SAL).[1] De la obra examinada identificó una deficiencia arancelaria de **$4,206.**

Así las cosas, el Inspector solicitó al notario facilitar la obra protocolar bajo su custodia, incluyendo la examinada y aprobada hasta el año 2002. Sin embargo, el notario le expresó que esta se encontraba en un local comercial arrendado cuya llave había entregado. Ante esta situación, considerando las condiciones en que eran custodiados los Libros de Registro de Testimonios, se solicitó la anuencia del Director de la ODIN para incautar los libros y el sello notarial del notario.

Transcurridos aproximadamente dos meses desde el referido suceso, se identificó el lugar donde ubicaba la

---

[1] Surge del referido informe que los cuatro libros de Registro de Testimonios contenían los Asientos Número 1 al Número 5,944. El notario había omitido cancelar el correspondiente sello a favor de SAL a partir del Asiento Núm. 4,543.

obra protocolar. Por consiguiente, se incautó preventivamente y se depositó en el Archivo Notarial del Distrito de San Juan. Concluida la inspección correspondiente, el Director de la ODIN nos remitió un *Informe de señalamiento preliminar de faltas*. En este señaló un sinnúmero de deficiencias.[2]

Posteriormente, mediante Resolución del 1 de noviembre de 2016, concedimos al licenciado Marín Serrano un término improrrogable de treinta días calendario para que presentara los informes de actividad notarial adeudados. Además, concedimos un término improrrogable de noventa días calendario para subsanar las deficiencias señaladas en la obra protocolar. Específicamente, el notario debía entregar el instrumento público pendiente de examen o encaminar su reconstrucción, encuadernar los tomos de protocolos incautados preventivamente y subsanar la deficiencia arancelaria existente en la obra protocolar que asciende a $4,206.00. En la referida Resolución también apercibimos al letrado que el incumplimiento con los términos concedidos conllevaría la suspensión de la notaría y una posible sanción adicional de suspensión de la abogacía por incumplir con las órdenes de este Tribunal.

---

[2] Entre las deficiencias señaladas se encuentran las siguientes: encuadernación, foliación, redacción de nota de apertura y cierre e índice de los tomos de protocolos formados para los años naturales 2014 y 2015; falta de firma e iniciales de partes otorgantes en instrumentos públicos; omisión de firma, signo, sello y rúbrica en instrumentos; omisión de la valoración de edificación; se omitió acreditar la capacidad representativa de las partes otorgantes y advertir la necesidad de ratificar el negocio jurídico celebrado; se omitió esbozar advertencias legales necesarias relacionadas con negocio jurídico instrumentado; se omitió cancelar sellos de rentas internas, Impuesto Notarial y SAL en instrumentos públicos otorgados y en Asientos de Testimonios Registrados. Véase *Informe especial solicitando auxilio del tribunal y notificando estado de obra notarial incautada*, pág. 3.

Así las cosas, el 2 de febrero de 2017 el Director de la ODIN presentó ante esta Curia una *Moción notificando incumplimiento de orden y en solicitud de remedios*. En esta nos informó que los términos concedidos al licenciado Marín Serrano vencieron el 2 de diciembre de 2016 y el 31 de enero de 2017, respectivamente, sin que el notario cumpliera con lo ordenado. En la moción se hizo constar que "el licenciado Marín Serrano no se había comunicado con esta Curia o [sic] ni con [la ODIN o su Director] para atender los asuntos esbozados en la Resolución y orden emitida por esta Superioridad".[3]

Ante esta circunstancia, solicitó que se tomara conocimiento de lo expresado y que a la luz de la jurisprudencia se ordenara la suspensión inmediata e indefinida del ejercicio de la notaría del letrado. También, que se refiriera el asunto a un proceso de desacato ante la Jueza Administradora del Tribunal de Primera Instancia, Sala Superior de San Juan. Al día de hoy, el notario no ha comparecido ante nosotros.

II

Como parte de nuestro poder inherente de regular la profesión legal en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable,competente y diligente.[4] A tono con ello, el

---

[3] Véase *Moción notificando incumplimiento de orden y en solicitud de remedios*.
[4] In re Montalvo Delgado, 2016 TSPR 223, 195 DPR __ (2016); In re Sepúlveda Torres, 2016 TSPR 164, 195 DPR __ (2016); In re Oyola Torres,

Código de Ética Profesional establece las normas mínimas de conducta que deben desplegar los abogados y las abogadas que ejercen tan ilustre profesión.[5]

Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, *supra*, el cual dispone que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[6] Como funcionarios del sistema judicial, estos tienen que emplear estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[7] Por lo tanto, todo letrado tiene la obligación de responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente en aquellos asuntos relacionados con procedimientos disciplinarios sobre su conducta profesional.[8]

Sabido es que el incumplimiento con este deber, demuestra un claro menosprecio a la autoridad de este Tribunal.[9] Asimismo, hemos reiterado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una

---

2016 TSPR 73, 195 DPR ___ (2016); In re Vera Vélez, 192 DPR 216, 226 (2015).

[5] In re Sepúlveda Torres, *supra*; In re Oyola Torres, *supra*. Véase además, In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689, 695 (2013).

[6] 4 LPRA Ap. IX. C. 9.

[7] In re Rodríguez Quesada, 2016 TSPR 159, 195 DPR ___ (2016); In re Stacholy Ramos, 2016 TSPR 153, 196 DPR ___ (2016); In re Crespo Peña 2016 TSPR 65, 195 DPR ___ (2016).

[8] In re Vera Vélez, *supra*, pág. 226.

[9] In re Rodríguez Quesada, *supra*. Véase además, In re De León Rodríguez, 190 DPR 378, 390-391 (2014); In re Irizarry Irizarry, 190 DPR 368, 374 (2014).

suspensión inmediata de la práctica de la profesión.[10] De manera que desatender nuestros requerimientos es incompatible con la práctica de la profesión y constituye una violación al Canon 9 del Código de Ética Profesional, *supra*.[11]

Por otra parte, es harto sabido que todo notario y toda notaria tiene la obligación de cumplir cabalmente con la Ley Notarial de Puerto Rico y su Reglamento.[12] Tanta es la importancia de esto que hemos enfatizado que desacatar los requerimientos cursados por la ODIN equivale a ignorar las órdenes de este Tribunal.[13] A tales efectos, éstos tienen el ineludible deber de desempeñarse con esmero, diligencia y estricto celo profesional.[14] Por lo que el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente.[15]

III

Luego de examinar el expediente de este caso, es forzoso concluir que el licenciado Marín Serrano incumplió con su obligación de remitir a la ODIN los informes notariales adeudados, subsanar todas las deficiencias señaladas en su obra protocolar y de contestar sus requerimientos. Este tampoco ha comparecido a contestar los señalamientos hechos por este Tribunal, infringiendo así el Canon 9 del Código de Ética Profesional, *supra*.

---

[10] In re Vera Vélez, *supra*, págs. 226-227; In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1, 3 (2011).
[11] In re Figueroa Cortés, 2016 TSPR 202, 196 DPR __ (2016).
[12] 4 LPRA 2001 *et seq.* y 4 LPRA Ap. XXIV, respectivamente.
[13] In re Rodríguez Zayas, 194 DPR 337, 342 (2015).
[14] In re Martínez Sotomayor I, *supra*, págs. 3-4.
[15] Íd.

A pesar de la oportunidad y el apercibimiento que le concedimos al licenciado Marín Serrano, este ha desplegado una conducta de desatención a nuestra autoridad como foro regulador de la profesión legal.

IV

Por los fundamentos que anteceden, concluimos que el licenciado Marín Serrano infringió el Canon 9 del Código de Ética Profesional, *supra*, al incumplir con su deber de responder diligentemente los requerimientos de esta Curia. En consecuencia, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

En vista de lo anterior, le imponemos el deber de notificar inmediatamente a todos sus clientes de su inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos de Puerto Rico en el que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Notifíquese personalmente esta Opinión *per curiam* y Sentencia al señor Marín Serrano a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese al Secretario de Justicia para que tome la acción que estime pertinente. Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Arsenio Marín Serrano                    TS-8845

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de marzo de 2017.

Por los fundamentos que anteceden, concluimos que el licenciado Marín Serrano infringió el Canon 9 del Código de Ética Profesional, *supra*, al incumplir con su deber de responder diligentemente los requerimientos de esta Curia. En consecuencia, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

En vista de lo anterior, le imponemos el deber de notificar inmediatamente a todos sus clientes de su inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos de Puerto Rico en el que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días a partir de la notificación de esta Sentencia.

Así lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo