EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Shirley Vélez Rivera | 2018 TSPR 4<br><br>199 DPR ____ |

Número del Caso: TS-15,273

Fecha:   8 de enero de 2018

Abogada de la promovida:

      Por derecho propio

Oficina de Inspección de Notarías

      Lcdo. Manuel Ávila De Jesús
      Director

      Lcda. Ana Cristina Díaz Velasco
      Directora Auxiliar

Materia: Conducta Profesional – La suspensión será efectiva el 10 de enero de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Shirley Vélez Rivera                    TS-15,273

PER CURIAM

San Juan, Puerto Rico, a 8 de enero de 2018.

Nos corresponde ejercer nuevamente nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de una miembro de la profesión jurídica por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y por no acatar las órdenes de este Tribunal. Procedemos a delimitar los hechos que nos mueven a imponer las medidas disciplinarias correspondientes.

I

La Lcda. Shirley Vélez Rivera fue admitida a la práctica de la abogacía el 16 de febrero de 2005 y al ejercicio de la notaría el 31 de marzo de 2005. El asunto ante nuestra consideración surge a raíz

del *Informe especial* que nos remitió el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN, el 1 de marzo de 2016. En el referido informe, el Director de la ODIN nos indicó que la abogada adeudaba varios informes de actividad notarial mensual y que no había contestado sus requerimientos a esos fines.

Ante ello, el 18 de marzo de 2016 emitimos una Resolución mediante la cual ordenamos la incautación preventiva e inmediata de la obra protocolar de la licenciada Vélez Rivera y de su sello notarial.[1] Además, le ordenamos a la abogada comparecer ante este Tribunal en un término de 10 días para que mostrara causa por la cual no debíamos suspenderla indefinidamente de la práctica de la notaría y explicara por qué no procedía imponerle una sanción económica de $500, según el Art. 62 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2102. Finalmente, se le apercibió que el incumplimiento con lo ordenado podría conllevar la imposición de sanciones adicionales como la suspensión del ejercicio de la abogacía.

El 11 de abril de 2016 la licenciada Vélez Rivera presentó una *Moción en cumplimiento de orden* en la cual reconoció sus faltas y pidió disculpas por su incumplimiento. Sostuvo que su bebé padecía una condición de salud que ocasionó que ella no pudiera realizar trámite alguno. Además,

---

[1] La copia de la notificación de la Resolución se archivó en los autos el 18 de marzo de 2016.

nos invocó que le permitiéramos presentar una solicitud de cesación del ejercicio de la notaría.

Así las cosas, el 25 de mayo de 2016 la Directora Auxiliar de la ODIN presentó el *Informe sobre estado de obra incautada* en el cual notificó varias deficiencias en la obra notarial de la abogada, entre ellas: protocolos sin encuadernar; omisión de índice, nota de saca, nota de cierre y foliación de protocolos; omisión de la firma de algunos comparecientes; omisión de advertencias; omisión de sellos de rentas internas, impuesto notarial y Sociedad para la Asistencia Legal, entre otros. Asimismo, nos informó que la licenciada Vélez Rivera tenía deficiencias en su Libro de Registro de Testimonios.

Por su parte, el 10 de junio de 2016 la licenciada Vélez Rivera presentó una moción mediante la cual explicó las gestiones que había realizado para entregar su obra notarial. A su vez, reconoció que tenía varias deficiencias en la misma, y mostró interés en corregirlas. Por último, reiteró su deseo de renunciar a la notaría. Ante ello, el 16 de diciembre de 2016 este Tribunal le concedió un término final de 30 días para que subsanara las deficiencias notificadas por la ODIN.[2]

El 23 de junio de 2017 la abogada presentó otra moción en la cual indicó que muchos de los señalamientos que le había hecho la ODIN ya habían sido subsanados. No obstante, adujo que las deficiencias restantes requerían coordinación con el

---

[2] La copia de la notificación de la Resolución se archivó en los autos el 20 de diciembre de 2016.

encuadernador, por lo cual solicitó un término adicional para concluir su subsanación. Por consiguiente, el 7 de febrero  de 2017 le concedimos un término adicional de 45 días para que la abogada cumpliera con nuestra Resolución del 16 de diciembre de 2016.[3]

El 29 de marzo de 2017 el Director de la ODIN presentó una *Moción notificando incumplimiento de orden y en solicitud de remedios* en la cual nos informó que había vencido el término que le concedimos a la abogada para que subsanara las deficiencias de su obra notarial, pero que ésta no había cumplido con la orden.

En vista de lo anterior, el 20 de abril de 2017 emitimos otra Resolución mediante la cual le concedimos a la licenciada Vélez Rivera un término **final e improrrogable de 30 días** para que subsanara todas las deficiencias pendientes que le fueron notificadas por la ODIN.[4] Además, le apercibimos que el incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias adicionales, incluyendo la suspensión del ejercicio de la abogacía.

A esos fines, el 19 de junio de 2017 la ODIN presentó una *Moción notificando cumplimiento parcial de orden y en solicitud de término final*. En la misma, informó que el 7 de junio de 2017 se encuadernaron los tomos de los protocolos de instrumentos públicos autorizados por la licenciada  Vélez

---

[3] La copia de la notificación de la Resolución se archivó en los autos el 10 de febrero de 2017.

[4] La copia de la notificación de la Resolución se archivó en los autos el 21 de abril de 2017.

Rivera correspondientes a los años naturales del 2005 al 2012. Además, la ODIN indicó que al Inspector de Protocolos y Notarías a cargo del proceso, el Lcdo. Elías Rivera Fernández, se le notificó que la abogada se encontraba de maternidad y que su bebé estaba hospitalizada en la unidad neonatal del Hospital Auxilio Mutuo. Finalmente, la ODIN señaló que la obra notarial de la licenciada Vélez Rivera aún contenía deficiencias que no habían sido subsanadas.

Por consiguiente, el 29 de junio de 2017 emitimos una Resolución mediante la cual le concedimos a la licenciada Vélez Rivera un término **final e improrrogable de 60 días** para que subsanara todas las deficiencias pendientes que le fueron notificadas por la ODIN.[5] Además, le apercibimos que el incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la abogacía.

El 5 de septiembre de 2017 la ODIN presentó una *Moción reiterando incumplimiento de orden* en la cual nos informó que el término conferido a la licenciada Vélez Rivera venció el 29 de agosto de 2017 sin que la abogada cumpliera con lo ordenado. Asimismo, indicó que su obra protocolar permanece en el mismo estado. Al día de hoy, la abogada tampoco ha cumplido con nuestras órdenes.

---

[5] La copia de la notificación de la Resolución se archivó en los autos el 30 de junio de 2017.

II

Como parte de nuestra facultad inherente de regular la profesión jurídica en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[6] A esos fines, el Código de Ética Profesional establece las normas mínimas de conducta que deben seguir los abogados que ejercen esta profesión.[7]

Una de las disposiciones de mayor envergadura en nuestro ordenamiento jurídico es el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, el cual establece que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Por ello, éstos tienen que emplear estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[8] Así pues, todo abogado tiene la obligación de responder de forma diligente y oportuna a las órdenes de este Tribunal.[9] Asimismo, hemos interpretado

---

[6] In re Marín Serrano, 2017 TSPR 34, 197 DPR ___ (2017); In re Montalvo Delgado, 196 DPR 541, 549 (2016); In re Sepúlveda Torres, 196 DPR 50, 53 (2016); In re Oyola Torres, 195 DPR 437,440 (2016); In re Vera Vélez, 192 DPR 216, 226 (2015).

[7] In re Marín Serrano, supra; In re Sepúlveda Torres, supra. Véanse, además: In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689, 695 (2013).

[8] In re Marín Serrano, supra; In re Rodríguez Quesada, 195 DPR 967, 969 (2016); In re Stacholy Ramos, 195 DPR 858, 860 (2016).

[9] In re Marín Serrano, supra; In re Vera Vélez, supra, pág. 226.

que el Canon 9 se extiende tanto a los requerimientos de este Tribunal como a los de la ODIN.[10]

Cabe destacar que el incumplimiento con este deber, demuestra un claro menosprecio a la autoridad de este Tribunal.[11] Además, en reiteradas ocasiones hemos señalado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[12] De ese modo, desatender nuestros requerimientos es incompatible con la práctica de la profesión y constituye una violación al Canon 9 del Código de Ética Profesional, *supra*.[13]

III

A pesar de las múltiples oportunidades y apercibimientos de este Tribunal, la licenciada Vélez Rivera ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Ello pues, la abogada ha hecho caso omiso a las órdenes que hemos emitido y tampoco ha cumplido con los requerimientos de la ODIN. Esa conducta, en sí misma, constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. La licenciada Vélez Rivera nos ha demostrado con su

---

[10] *In re González Acevedo*, 2017 TSPR 25, 197 DPR ___ (2017); *In re Colón Collazo*, 196 DPR 239, 242 (2016).

[11] *In re Marín Serrano*, supra; *In re Rodríguez Quesada*, supra. Véanse, además: *In re De León Rodríguez*, 190 DPR 378, 390-391 (2014); *In re Irizarry Irizarry*, 190 DPR 368, 374 (2014).

[12] *In re Marín Serrano*, supra; *In re Vera Vélez*, supra, págs. 226-227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).

[13] *In re Marín Serrano*, supra; *In re Figueroa Cortés*, 196 DPR 1, 3 (2016).

actitud que no tiene interés en practicar la profesión jurídica en esta jurisdicción.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida de la licenciada Vélez Rivera del ejercicio de la abogacía y la notaría.

La licenciada Vélez Rivera deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

El Director de la ODIN mantendrá incautada la obra y el sello notarial de la licenciada Vélez Rivera. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados

por la licenciada Vélez Rivera durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Shirley Vélez Rivera                TS-15,273

SENTENCIA

San Juan, Puerto Rico, a 8 de enero de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Shirley Vélez Rivera del ejercicio de la abogacía y la notaría.

La licenciada Vélez Rivera deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

El Director de la Oficina de Inspección de Notarías mantendrá incautada la obra y el sello notarial de la licenciada Vélez Rivera. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la licenciada Vélez Rivera durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo