EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Armando A. Cardona Estelritz<br>(TS-8,496) | 2018 TSPR 201<br><br>201 DPR \_\_\_\_ |

Número del Caso:  AB-2018-70
                  AB-2018-31
                  AB-2018-03

Fecha: 13 de diciembre de 2018

Abogada del querellado:

        Por derecho propio

Oficina del Procurador General:

        Lcdo. Joseph Feldstein del Valle
        Subprocurador General

        Lcda. Yaizamarie Lugo Fontánez
        Procuradora General Auxiliar

Materia:  La suspensión será efectiva el 18 de diciembre de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Armando A. Cardona Estelritz (TS, 8,496) | AB-2018-0070 AB-2018-0031 AB-2018-0003 | Queja |

PER CURIAM

San Juan, Puerto Rico, a 13 de diciembre de 2018.

Hoy nos corresponde ejercer nuevamente nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer las medidas disciplinarias correspondientes.

I

El Lcdo. Armando A. Cardona Estelritz fue admitido al ejercicio de la abogacía el 14 de enero de 1987 y prestó juramento como notario el 22 de abril de 1987.

**AB-2018-0070**

El 14 de marzo de 2018, el Sr. Néstor L. Santiago Márquez (señor Santiago Márquez) presentó una queja en contra del licenciado Cardona Estelritz. Alegó que contrató los servicios del letrado a través del bufete Consultores Legales Asociados, C.S.P., para la correspondiente representación legal en la ejecución de 2 sentencias dictadas a favor del señor Santiago Márquez.[1] Indicó que, en cuanto al estado procesal de los casos, el abogado le indicó que estaban trabajando en los mismos. Afirmó que nunca compareció al tribunal de instancia porque nunca se le instruyó a ello. Finalmente, arguyó que, a inicios de 2017, acudió a las oficinas para solicitar el expediente y advino en conocimiento que las causas de acción fueron desistidas sin el consentimiento del señor Santiago Márquez.

El 4 de abril de 2018 la Lcda. Sonnya Isabel Ramos Zeno, Subsecretaria de esta Curia, remitió una comunicación al letrado concediéndole 10 días para contestar la queja. Ante la incomparecencia del abogado, el 20 de abril de 2018, nuevamente la Subsecretaria le concedió un término final de 10 días para contestar la queja. Sin embargo, el abogado no contestó. Así el trámite, el 3 de mayo de 2018, la Subsecretaria remitió el asunto a la Oficina del Procurador General para la correspondiente investigación e Informe. El 9 de mayo de 2018, la Oficina del Procurador General le

---

[1] *Trilogy Events Agency Corporation v. Pedro del Valle y otros*, Civil Núm. K1CD2005-2624 y K1CD2005-2625.

remitió una comunicación mediante correo electrónico, regular y certificado con acuse de recibo al licenciado Cardona Estelritz. Mediante la misma al abogado se le concedió un término final, vencedero el 21 de mayo de 2018, para que -previo a la presentación del Informe- contestara la queja, no obstante, no compareció. El Procurador General presentó el correspondiente Informe mediante el cual concluyó que el licenciado Cardona Estelritz violentó los cánones 9 y 12 del Código de Ética Profesional.[2]

**AB-2018-0031**

El 6 de marzo de 2018, el señor Santiago Márquez presentó una queja en contra del licenciado Cardona Estelritz. Al igual que en la queja anterior, contrató sus servicios a través del bufete Consultores Legales Asociados, C.S.P. para que lo representara en 2 causas de acción en cobro de dinero.[3] A pesar de que el contrato lo firmó otro letrado, surgía de los expedientes que el licenciado Cardona Estelritz compareció ante el tribunal de instancia como abogado de récord. Indicó que nunca compareció al tribunal de instancia porque no recibió tal instrucción. Finalmente, cuando acudió a las oficinas para solicitar los expedientes, advino en conocimiento que las causas de acción fueron desestimadas por falta de diligenciamiento del emplazamiento en el término de los 120 días que dispone nuestras reglas

---

[2] 4 LPRA Ap. IX.

[3] Exhibitors Event All Media Inc., y otros v. Alberto Navarro y otros, Civil Núm. D2CM2012-0451 y D2D2012-0271 y Nestor Santiago Márquez v. Alberto Navarro, Civil Núm.D2CM-2012-0233. Todos los casos se ventilaron en la Sala Superior de Guaynabo.

procesales o que el abogado solicitó el desistimiento sin el consentimiento del señor Santiago Márquez.

El 20 de marzo de 2018, la Subsecretaria de este Tribunal, remitió una comunicación al letrado concediéndole 10 días para contestar la queja. Ante la incomparecencia del abogado, el 17 de abril de 2018, la Subsecretaria le concedió un término final de 10 días para contestar la queja. Sin embargo, el letrado no contestó. Así el trámite, el 3 de mayo de 2018, la Subsecretaria remitió el asunto a la Oficina del Procurador General para la investigación y presentación del Informe. El 21 de mayo de 2018, la Oficina del Procurador General le remitió una comunicación mediante correo electrónico, regular y certificado con acuse de recibo al licenciado Cardona Estelritz. Mediante la misma, al abogado se le concedió un término final, vencedero el 1 de junio de 2018, para que -previo a la presentación del Informe- contestara la queja, no obstante, no compareció. El Procurador General presentó el Informe mediante el cual concluyó que el licenciado Cardona Estelritz violentó los cánones 9 y 12 del Código de Ética Profesional.[4]

El 13 de julio de 2018, **en ambas quejas**, emitimos y notificamos una *Resolución* concediéndole al abogado un término de 20 días para expresarse sobre los Informes del Procurador General. El 7 de agosto de 2018, el licenciado Cardona Estelritz presentó una *Solicitud de Término Adicional*

---

[4] 4 LPRA Ap. IX.

*final para replicar [al] Informe de la Procuradora General Auxiliar.* En aras de proveerle una última oportunidad al letrado, el 9 de agosto de 2018, emitimos una *Resolución* para concederle un término final e improrrogable de 10 días para que se expresara sobre los Informes del Procurador General. Sin embargo, el licenciado Cardona Estelritz incumplió con la orden. Transcurrido dicho término, el 26 de octubre de 2018, le concedimos un término final e improrrogable de 20 días para que mostrara causa por la cual no debía ser suspendido de la abogacía.[5] Al día de hoy, no ha comparecido.

## AB-2018-0003

El 18 de enero de 2018, la Sra. Miriam Aponte Carrasquillo (señora Aponte Carrasquillo) presentó una queja en contra del licenciado Cardona Estelritz. En síntesis, la señora Aponte Carrasquillo expuso que, a pesar de que contrató al licenciado Cardona Estelritz para la tramitación de una petición de Quiebra al amparo del Capítulo 13 del Código Federal de Quiebra, éste la presentó al amparo del Capítulo 7 de dicho código. Adujo que los intentos para localizar y comunicarse con el licenciado Cardona Estelritz han sido infructuosos. La señora Aponte Carrasquillo afirmó que el letrado utilizó el dinero que le entregó para el síndico a cargo de su caso. Aseveró que, no obstante que la señora Aponte Carrasquillo le entregó al licenciado Cardona

---

[5] Destacamos que la referida *Resolución* se diligenció personalmente el 2 de noviembre de 2018 al Lcdo. Armando A. Cardona Estelritz. Además, le notificamos la *Resolución* al correo electrónico que surge del Registro Único de Abogados y Abogadas (RUA) el 16 de noviembre de 2018.

Estelritz $900 para tramitar la petición de quiebra de la Panadería, éste no lo hizo. Manifestó que, en 5 años, le ha pagado cerca de 8 veces. Sostuvo que, como consecuencia de lo anterior, perdió su residencia, panaderías y una escuela. Finalmente, adujo que el licenciado Cardona Estelritz no tiene oficina ni dirección para localizarlo.

El 8 de febrero de 2018 la Lcda. Sonnya Isabel Ramos Zeno, Subsecretaria de esta Curia, remitió una comunicación al licenciado Cardona Estelritz concediéndole 10 días para contestar la queja. Debido a la incomparecencia del abogado, el 27 de febrero de 2018, nuevamente la Subsecretaria le concedió un término final de 10 días para contestar la queja. Sin embargo, el licenciado Cardona Estelritz no contestó. Así el trámite, el 12 de marzo de 2018, la Subsecretaria remitió el asunto a la Oficina del Procurador General para la correspondiente investigación e Informe. El 3 de abril de 2018, la Oficina del Procurador General le remitió una comunicación mediante correo electrónico, regular y certificado con acuse de recibo al licenciado Cardona Estelritz. Mediante la misma se le concedió al abogado un término final, vencedero el 13 de abril de 2018, para que -previo a la presentación del Informe- contestara la queja, no obstante, no lo hizo. El Procurador General presentó el correspondiente Informe mediante el cual concluyó que el licenciado Cardona Estelritz violentó los Cánones 9 y 12 del Código de Ética Profesional.[6] El 23 de mayo de 2018 emitimos

---

[6] 4 LPRA Ap. IX.

y notificamos una *Resolución* concediéndole al licenciado Cardona Estelritz un término de 20 días para expresarse sobre el *Informe del Procurador General*. Transcurrido dicho término, el 26 de octubre de 2018, este Tribunal le concedió un término final e improrrogable de 20 días para que el letrado contestara la queja y cumpliera con nuestra *Resolución* de 23 de mayo de 2018.[7]

## II

Como parte de nuestra facultad inherente de regular la profesión jurídica en Puerto Rico nos corresponde asegurar que las y los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[8] A esos fines, el Código de Ética Profesional establece las normas mínimas de conducta que deben seguir los abogados y las abogadas que ejercen esta profesión.[9]

Una de las disposiciones de mayor importancia en nuestro ordenamiento jurídico es el Canon 9 del Código de Ética Profesional, *supra,* el cual establece que los abogados y las abogadas deben "observar para con los tribunales una

---

[7] Conviene destacar que la referida *Resolución* se diligenció personalmente el 9 de noviembre de 2018 y se notificó mediante el correo electrónico que surge del Registro Único de Abogados y Abogadas (RUA) el 13 de noviembre de 2018.

[8] In re Marín Serrano, 2017 TSPR 34, 197 DPR ___ (2017); In re Montalvo Delgado, 196 DPR 541 (2016); In re Sepúlveda Torres, 196 DPR 50 (2016); In re Oyola Torres, 195 DPR 437,440 (2016); In re Vera Vélez, 192 DPR 216, 226 (2015).

[9] In re Marín Serrano, supra; In re Sepúlveda Torres, supra. Véanse, además: In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689, 695 (2013).

conducta que se caracterice por el mayor respeto". Por ello, tienen que atender y obedecer las órdenes de este Tribunal o de cualquier foro al que se encuentren obligados a comparecer.[10] Así pues, todo abogado y toda abogada tienen la obligación de responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, especialmente en aquellos asuntos relacionados con procedimientos disciplinarios sobre su conducta profesional.[11]

Cabe destacar que el incumplimiento con este deber demuestra un claro menosprecio a la autoridad de este Tribunal.[12] Además, en reiteradas ocasiones hemos señalado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[13] De ese modo, desatender nuestros requerimientos es incompatible con la práctica de la profesión y constituye una violación al Canon 9 del Código de Ética Profesional, *supra*.[14]

---

[10] In re Marín Serrano, supra; In re Rodríguez Quesada, 195 DPR 967 (2016); In re Stacholy Ramos, 195 DPR 858 (2016).

[11] In re Marín Serrano, supra; In re Vera Vélez, supra, pág. 226.

[12] In re Marín Serrano, supra; In re Rodríguez Quesada, supra. Véase, además: In re De León Rodríguez, 190 DPR 378, 390-391 (2014); In re Irizarry Irizarry, 190 DPR 368, 374 (2014).

[13] In re Marín Serrano, supra; In re Vera Vélez, supra, págs. 226-227; In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1, 3 (2011).

[14] In re Marín Serrano, supra; In re Figueroa Cortés, 196 DPR 1 (2016).

III

A pesar de las múltiples oportunidades y apercibimientos de este Tribunal, el licenciado Cardona Estelritz ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Vemos pues que el letrado ha incumplido con todas las órdenes que hemos emitido y no ha comparecido a contestar los señalamientos imputados en su contra. Esa conducta de desdén en sí misma constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. Con su comportamiento, el letrado nos ha demostrado el desinterés en practicar la profesión jurídica en esta jurisdicción.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Cardona Estelritz del ejercicio de la abogacía y la notaría.

El señor Cardona Estelritz deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolverles los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente la suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal

el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial del señor Cardona Estelritz y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e Informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el señor Cardona Estelritz durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Armando A. Cardona Estelritz (TS, 8,496) | AB-2018-0070 AB-2018-0031 AB-2018-0003 | Queja |

PER CURIAM

San Juan, Puerto Rico, a 13 de diciembre de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Armando A. Cardona Estelritz del ejercicio de la abogacía y la notaría.

El señor Cardona Estelritz deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolverles los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente la suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial del señor Cardona Estelritz y los entregue al

Director de la Oficina de Inspección de Notarías para la correspondiente investigación e Informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el señor Cardona Estelritz durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no interviene. Los Jueces Asociados señores Rivera García y Estrella Martínez no intervinieron.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo