EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Lizzette Morales Díaz | 2018 TSPR 82<br><br>200 DPR ____ |

Número del Caso: TS-9,429

Fecha: 9 de mayo de 2018

Abogado de la promovida:

>        Por derecho propio.

Programa de Educación Jurídica Continua:

>        Lcdo. José I. Campos Pérez
>        Director

Materia: Conducta Profesional – La suspensión será efectiva el 10 de mayo de 2018, fecha en que se le notificó a la abogada por correo de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lizzette Morales Díaz                    TS-9,429

*PER CURIAM*

San Juan, Puerto Rico, a 9 de mayo de 2018.

Nuevamente nos vemos obligados a suspender inmediata e indefinidamente del ejercicio de la abogacía y la notaría a una miembro de la profesión legal por incumplir con las órdenes de este Tribunal.

**I**

La Lcda. Lizzette Morales Díaz fue admitida al ejercicio de la abogacía el 3 de enero de 1990 y a la notaría el 24 de junio del 1991.

El 9 de marzo de 2017, el Director Ejecutivo del Programa de Educación Jurídica Continua (PEJC), Lcdo. José I. Campos Pérez, compareció ante este

Tribunal mediante un *Informe sobre incumplimiento con requisito de educación jurídica continua.* En éste, nos informó que la licenciada Morales Díaz incumplió con los requisitos del PEJC durante el periodo de 1 de marzo de 2009 al 28 de febrero de 2011. Ante esto, el 12 de mayo de 2011 el PEJC envió a la licenciada Morales Díaz un *Aviso de Incumplimiento*, mediante el cual le concedió un término de 60 días para que asistiera a los cursos necesarios y pagara la multa por cumplimiento tardío.

Tras no recibir respuesta, la licenciada Morales Díaz fue citada por el PEJC a una vista informal, a la que no compareció. Consecuentemente, se le notificó el *Informe del Oficial Examinador* mediante el cual éste le concedió un término para cumplir con los requisitos y, además, le advirtió que el incumplimiento conllevaría remitir el caso ante la Junta de Educación Jurídica Continua del Tribunal Supremo (Junta) para que determinara si refería el caso al Tribunal Supremo. Ante el incumplimiento con lo anterior, el Director Ejecutivo del PEJC recomendó a la Junta rendir un *Informe* ante este Foro. La Junta acogió esa recomendación y encomendó al Director Ejecutivo del PEJC a presentar el *Informe sobre incumplimiento con requisito de educación jurídica continua.*[1]

Como mencionáramos, el Director Ejecutivo del PEJC nos informó que la licenciada Morales Diaz incumplió con

---

[1] Regla 9 (7) del Reglamento del Programa de Educación Jurídica Continua de 2005, 4 LPRA, Ap. XVII-E (derogado).

los requisitos del PEJC durante el periodo de 1 de marzo de 2009 al 28 de febrero de 2011.

Examinado el *Informe sobre incumplimiento con requisito de educación jurídica continua,* el 26 de abril de 2017 emitimos una Resolución mediante la cual le ordenamos a la licenciada Morales Díaz a que dentro del término de 20 días "comparezca y muestre causa por la cual no deba ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido".[2]

En respuesta, la licenciada Morales Díaz compareció ante este Tribunal mediante *Moción*. En ésta nos informó que desde el 31 de diciembre de 2010 se retiró de la Autoridad de Carreteras y Transportación, y se acogió a los beneficios del seguro social por incapacidad; pidió disculpas por no comparecer ante el PEJC por motivos de salud y añadió que no deseaba continuar ejerciendo la profesión de la abogacía. Así, explicó que nunca otorgó escrituras y que estaba haciendo las gestiones para entregar sus libros de testimonios. Por último, suplicó que se le "exima de continuar ejerciendo la profesión por lo que solicito la baja voluntaria".[3]

Posteriormente, el 15 de diciembre de 2017 emitimos una Resolución en la que le ordenamos a la licenciada

---

[2] *Resolución* de 26 de abril de 2017.

[3] *Moción* de 30 de mayo de 2017, que obra en el expediente personal de la abogada.

Morales Díaz que en un término de 30 días "mostrara causa por la cual no deba ser suspendida del ejercicio de la abogacía por no cumplir con la Resolución de 26 de abril de 2017".[4] Al día de hoy, la licenciada Morales Díaz no ha comparecido.

## II

**Incumplimiento con las órdenes emitidas por este Tribunal**

El Código de Ética Profesional dispone las normas mínimas de conducta que rige a los miembros de la profesión legal.[5] A tenor de lo anterior, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece la conducta que los abogados deben observar ante los tribunales. En específico, le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[6]

La desatención de las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[7] Por ello, los abogados tienen una obligación de atender con diligencia nuestras órdenes, obligación que se torna más patente durante los procesos disciplinarios.[8] Acorde a lo anterior, hemos señalado que la actitud de indiferencia a nuestros

---

[4] *Resolución* de 26 de abril de 2017.

[5] In re Vélez Rivera, 2018 TSPR 4, 199 DPR __ (2018); In re Marín Serrano, 197 DPR 535, 538 (2017).

[6] In re López Méndez,196 DPR 956, 960-961 (2016).

[7] In re Bryan Picó, 192 DPR 246, 251 (2015).

[8] In re Bryan Picó, supra.

apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[9]

## III

La licenciada Morales Díaz ha desplegado una conducta de desatención hacia nuestra autoridad como foro regulador de la profesión legal. A pesar de que la licenciada Morales Díaz respondió mediante *Moción* a nuestra Resolución de 26 de abril de 2017, su comparecencia fue insuficiente, consecuentemente, no cumplió con nuestra orden. A raíz de ello, emitimos otra Resolución el 15 de diciembre de 2017 (que le fue entregada personalmente a la licenciada Morales Díaz) y al día de hoy ésta no ha comparecido, lo que provoca una infracción al Canon 9 del Código de Ética Profesional, *supra*. Ante estas circunstancias, corresponde disciplinar a la licenciada Morales Díaz.

## IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Lcda. Lizzette Morales Díaz de la práctica de la abogacía y la notaría.

La licenciada Morales Díaz deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los

---

[9] In re Vélez Rivera, supra.

expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Morales Díaz y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la licenciada Morales Díaz durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lizzette Morales Díaz

**TS-9,429**

**SENTENCIA**

San Juan, Puerto Rico, a 9 de mayo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Lcda. Lizzette Morales Díaz de la práctica de la abogacía y la notaría.

La licenciada Morales Díaz deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Morales Díaz y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la licenciada Morales Díaz durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez, no intervino.

Juan Ernesto Dávila Rivera

Secretario del Tribunal Supremo